**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, AND TRINA SOLAR CO., LTD.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 23-00228 |

# COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, and Trina Solar Co., Ltd. (collectively, "Trina"), by and through its counsel, alleges and states as follows:

## JURISDICTION

1.  Plaintiffs brings this action pursuant to, and in accordance with, section 516A(a)(2) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. § 1516a(a)(2)), contesting the final determination issued by the U.S. Department of Commerce ("Commerce") in <u>Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam</u>, 88 Fed. Reg. 57,419 (Aug. 23, 2023) ("<u>Final Determination</u>"), as it applies specifically to Plaintiffs. This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

- 1 -

## STANDING

2.     Plaintiffs, Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, and Trina Solar Co., Ltd., are foreign producers and exporters of the merchandise examined in the anti-circumvention inquiry proceeding that is contested here. Plaintiffs therefore are interested parties within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiffs actively participated in the anti-circumvention inquiry through submission of factual information and written argument, and thus are parties to the proceeding as defined in 19 C.F.R. §351.102(b). As interested parties that actively participated in the underlying administrative proceeding, Plaintiffs have standing pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3.     The subject Final Determination, which is being challenged herein, was published in the Federal Register on August 23, 2023. Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam, 88 Fed. Reg. 57,419 (Aug. 23, 2023), and accompanying Issues and Decision Memorandum ("IDM") (Aug. 17, 2023). On October 20, 2023 – within 30 days after notice of the Final Determination was mailed to Plaintiffs and all other interested parties on September 20, 2023 – Plaintiffs filed a summons to initiate this action.[1] Accordingly, this action was commenced within the period

---

[1] Plaintiffs note that Commerce mailed the Final Determination notice to some interested parties after the typical 30-day period to appeal had passed, i.e., on September 20, 2023. Plaintiffs did not receive a copy of this notice. To preserve their opportunity to appeal, Plaintiffs initiated this action under Case No. 23-00197. It was only after Plaintiffs initiated an action with this Court that Plaintiffs learned that other interested parties had received a mailed notice of the determination. Subsequently, Plaintiffs

specified in 19 U.S.C. § 1516a(a)(2)(A)(ii).  This complaint is being filed within 30 days of the filing of the summons.  Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4. This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1677j to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

5. On December 7, 2012, Commerce published in the Federal Register antidumping duty and countervailing duty orders on crystalline silicon photovoltaic cells and modules from China.  <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order</u>, 77 Fed. Reg. 73018 (Dec. 7, 2012), and <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, form the People's Republic of China: Countervailing Duty Order</u>, 77 Fed. Reg. 73017 (Dec. 7, 2012) (collectively, "Solar Cells Orders").

6. On February 8, 2022, Auxin Solar Inc. ("Auxin"), a small domestic producer of solar panels, filed a circumvention inquiry request pursuant to 19 U.S.C. § 1677j(b)(1) alleging that solar cells and modules completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components manufactured in China are circumventing the Solar Cells Orders.  See

---

initiated this case to align with the purported mailing date of the Final Determination notice and to preserve their chance to appeal.  Plaintiffs intend to consolidate their first appeal under Case No. 23-00197 with this case.

Allegation from Cassidy Levy Kent LLP, "Auxin Solar's Request for an Anti-Circumvention Ruling Pursuant to Section 781(b) of the Tariff Act of 1930, as Amended" (Feb. 8, 2022).  On March 18, 2022, Trina filed comments requesting that Commerce decline to initiate Ausin's request for a circumvention inquiry.  See Letter from Trina, "Request to Decline to Initiate Auxin's Request for a Circumvention Inquiry," (Mar. 18, 2022).

       7.      On April 1, 2022, Commerce initiated country-wide anti-circumvention inquiries on the Solar Cells Orders covering crystalline silicon photovoltaic cells ("CSPV") whether or not assembled into modules, which are completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components form the People's Republic of China and subsequently exported to the United States.  <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders</u>, 87 Fed. Reg. 19071 (Apr. 1, 2022).

       8.      On May 12, 2022, Commerce selected two mandatory respondents for the Vietnam segment of the circumvention inquiries:  Boviet Solar Technology Co., Ltd. ("Boviet") and Vina Solar Technology Company Limited ("Vina Solar").  Commerce Memorandum, "Circumvention Inquiry with Respect to the Socialist Republic of Vietnam: Respondent Selection," (May 12, 2022) ("Vietnam Respondent Selection Memorandum").

       9.      On December 1, 2022, Commerce preliminarily determined that imports of CSPV cells and modules exported from Cambodia, Malaysia, Thailand, and Vietnam using parts and components from China are circumventing the AD and CVD Solar Cells Orders.  Commerce published its preliminary determination of circumvention in the <u>Federal Register</u>.  <u>Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Affirmative</u>

Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam, 87 Fed. Reg. 75221 (Dec. 8, 2022) and accompanying preliminary decision memorandum ("PDM") (Dec. 1, 2022).

10. As part of its preliminary determination, Commerce instituted certification and documentation requirements whereby U.S. importers and foreign exporters must (1) certify that imports of solar cells and modules from the inquiry countries were not produced using wafers producers in China,[2] and (2) to maintain supporting documentation thereof, in order for cash deposits pursuant to the Solar Cells Orders not to be required. 87 Fed. Reg. 75221, and accompanying PDM at 26–27.

11. On April 19, 2023, plaintiff submitted a case brief to Commerce commenting on issues related to the preliminary determination. See Brief from Trina, "Trina's Second Tranche Case Brief," (Apr. 19, 2023).

12. On August 23, 2023, Commerce published its Final Determination in the Federal Register. 88 Fed. Reg. 57419. In its final determination, Commerce continued to find that CSPV cells and modules produced in Vietnam using parts and components manufactured in China and exported to the United States were circumventing the Solar Cells Orders. Commerce applied its determination on a country-wide basis, thereby subjecting inquiry merchandise exported from Vietnam to importer and exporter certifications and document retention requirements in order not to be subject to AD and/or CVD requirements.

**ISSUES PRESENTED BY THE ACTION AND
PLAINTIFFS' STATEMENT OF CLAIMS**

---

[2] The Appendix VI certification also permits an importer and exporter to certify that subject solar modules were produced using Chinese wafers and that no more than two of the following inputs were produced in China: silver paste, aluminum frames, glass, backsheets, EVA, and junction boxes. 87 Fed. Reg. 75221, and accompanying PDM at Appendix VI. This was unchanged in the Final Determination.

13. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's final determination in its anticircumvention inquiry proceeding is unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT ONE

14. Paragraphs one through thirteen are incorporated herein by reference.

15. In order to make an affirmative finding of circumvention, Commerce must consider all five mandatory statutory criteria under 19 U.S.C. § 1677j(b)(1). That is, if just one statutory criterion is not met, Commerce may not reach an affirmative finding of circumvention. One of the five statutory criteria requires Commerce to analyze whether the process of assembly or completion in the third country is minor or insignificant. See 19 U.S.C. § 1677j(b)(1)(C). In doing so, the statute directs Commerce to consider the following five factors: (1) the level of investment in the foreign country; (2) the level of research and development in the foreign country; (3) the nature of the production process in the foreign country; (4) the extent of production facilities in the foreign country; and (5) whether the value of the processing performed in the foreign country represents a small proportion of the value of the merchandise imported into the United States. 19 U.S.C. § 1677j(b)(2)

16. Based on administrative record evidence, Commerce correctly determined that the nature of the production process in Vietnam was significant. Final Determination, and accompanying IDM at Comment 8. Commerce made numerous detailed findings about the significance and complexity of producing solar cells and modules when compared to ingot and wafer production. Id. Commerce found that the multi-step production process requires a skilled workforce, "sophisticated, precise, and technologically advance equipment," and that the production of cells and wafers "involves more than attaching Chinese components together." Id.

Yet, Commerce's ultimate decision that the process of assembly or completion in Vietnam is minor or insignificant is unsupported by substantial evidence based on its supported findings that the process of producing solar cells and modules is not only significant, but complex and sophisticated. Id. Commerce's determination that the process of assembly or completion in Vietnam was minor or insignificant is therefore not supported by substantial evidence.

## COUNT TWO

17.     Paragraphs one through sixteen are incorporated herein by reference.

18.     For purposes of defining inquiry merchandise, Commerce found that "a wafer is produced in China if the ingot was sliced to form the wafer in China." Id., at Comment 2. However, Commerce erred in not excluding from the definition of inquiry merchandise solar cell and modules assembled in an inquiry country from wafers produced inside China using polysilicon produced outside of China (i.e., wafters made with non-Chinese polysilicon). The administrative record establishes that the value of the wafer is mostly comprised of the value of the polysilicon used to produce the wafer. Accordingly, wafers made with non-Chinese polysilicon contain little to no Chinese material. Commerce's determination to not exclude non-Chinese polysilicon from the definition of inquiry merchandise therefore was both arbitrary and unsupported by substantial evidence.

## COUNT THREE

19.     Paragraphs one through eighteen are incorporated herein by reference.

20.     In the Final Determination, Commerce concluded that it was appropriate to include an individually examined company within a "country-wide" determination – and to impose anti-circumvention certification requirements on that company – even if Commerce concluded that the individual company was not engaged in circumvention activities during the

period examined.  IDM, at Comment 11.  Commerce's approach of reaching an anti-circumvention determination on a country-wide basis and not making a determination with respect to individual companies is unsupported by substantial evidence or otherwise in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

21. For the reasons stated above, plaintiffs respectfully requests that the Court:

    (a)   enter judgment in Plaintiffs' favor;

    (b)   declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

    (c)   remand these matters to Commerce for redetermination consistent with the Court's opinion; and

    (d)   provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jonathan M. Freed

Jonathan M. Freed
MacKensie R. Sugama

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC  20003
Tel:  (202) 223-3760
jfreed@tradepacificlaw.com

Counsel for Plaintiffs Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, and Trina Solar Co., Ltd.

November 20, 2023