IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, and TRINA SOLAR CO., LTD., | ) ) ) ) ) |  |
| *Plaintiffs,* | ) ) ) |  |
| and, | ) ) |  |
| FLORIDA POWER & LIGHT COMPANY, | ) ) |  |
| *Plaintiff-Intervenor,* | ) ) ) | Ct. No. 23-00228 |
| v. | ) ) |  |
| UNITED STATES | ) ) |  |
| *Defendant,* | ) ) ) |  |
| and, | ) ) |  |
| AUXIN SOLAR INC. and FIRST SOLAR VIETNAM MANUFACTURING CO. LTD., | ) ) ) |  |
| *Defendant-Intervenors.* | ) ) ) |  |

REPLY BRIEF OF PLAINTIFFS TRINA SOLAR (VIETNAM)
SCIENCE & TECHNOLOGY CO., LTD., ET AL.

Jonathan M. Freed
MacKensie R. Sugama
TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
(202) 223-3760

Dated: December 19, 2024          *Counsel to Plaintiffs*

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, and TRINA SOLAR CO., LTD., | ) ) ) ) ) |
| *Plaintiffs,* | ) ) ) |
| and, | ) ) |
| FLORIDA POWER & LIGHT COMPANY, | ) ) |
| *Plaintiff-Intervenor,* | ) ) |
| v. | ) Ct. No. 23-00228 ) ) |
| UNITED STATES | ) ) |
| *Defendant,* | ) ) |
| and, | ) ) |
| AUXIN SOLAR INC. and FIRST SOLAR VIETNAM MANUFACTURING CO. LTD., | ) ) ) |
| *Defendant-Intervenors.* | ) ) |

CERTIFICATE OF COMPLIANCE

The undersigned counsel at Trade Pacific PLLC hereby certifies that the Reply Brief of Plaintiffs Trina Solar (Vietnam) Science & Technology Co., Ltd., *et al.*, dated December 19, 2024, complies with the word-count limitation described in the Second Amended Scheduling Order.  The reply brief contains

**Court No. 23-00228**                                                              **Page 2**

3,221 words according to the word-count function of the word-processing

software used to prepare the brief.

Respectfully submitted,

/s/ Jonathan M. Freed
Jonathan M. Freed
MacKensie R. Sugama

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
(202) 223-3760

Dated:  December 19, 2024

TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES .................................................................................. ii

I.    INTRODUCTION ........................................................................................ 1

II.   ARGUMENT ................................................................................................ 3

      A.    Defendant Fails to Demonstrate How Commerce's Illogical
            Conclusion Under its Process of Assembly or Completion
            Analysis is Supported by Substantial Evidence .................. 3

      B.    Substantial Evidence and the Applicable Statutory
            Frameworks Do Not Support Commerce's Country-Wide
            Application of AFA ................................................................ 7

         1.    Evidence Submitted in Support of Auxin's Allegation Does
             Not Support a Country-Wide Finding of Circumvention .... 9

         2.    "All Others" Rate Calculations Are Inapplicable to
             Circumvention Proceedings ................................................. 11

III.  CONCLUSION ............................................................................................ 15

TABLE OF AUTHORITIES

Page

Cases

*Coalition of Am. Flange Producers v. United States*, 517 F. Supp. 3d 1378 (Ct. Int'l Trade 2021) ............................................................................. 7

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983). ......................................................................... 7

*PrimeSource Bldg. Prod., Inc. v. United States*, 111 F.4th 1320 (Fed. Cir. 2024) ........................................................................................ 13

*Tai-Ao Aluminum (Taishan) Co., Ltd. v. United States*, 983 F.3d 487 (Fed. Cir. 2020) ..................................................................................... 13

Statutes

19 U.S.C. § 1673d(c)(5) .................................................................. 11–14
19 U.S.C. § 1677j(b) ....................................................................... 12, 14
19 U.S.C. § 1677j(b)(1) ...................................................................... 3, 11
19 U.S.C. § 1677j(b)(2) ................................................................... 2–5, 7
19 U.S.C. § 1677e(a) ........................................................................ 8, 14
19 U.S.C. § 1677e(b)(1) ......................................................................... 14

Regulations

19 C.F.R. § 351.226(m)(ii),(iii) ........................................................ 12, 14

Administrative Determinations

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam, 87 Fed. Reg. 75221 (Dec. 8, 2022),* ..................................... 5

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China*, 88 Fed. Reg. 57,419 (Dep't Commerce Aug. 23, 2023) ....................................................................................................... 1, 5, 8

REPLY BRIEF OF PLAINTIFFS
TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY
COMPANY LIMITED, TRINA SOLAR ENERGY
DEVELOPMENT COMPANY LIMITED, AND TRINA SOLAR
COMPANY LIMITED

## I.    INTRODUCTION

Plaintiffs Trina Solar (Vietnam) Science & Technology Co. Ltd., Trina

Solar Energy Development Co., Ltd., and Trina Solar Co., Ltd. (collectively,

"Trina" or "Plaintiffs") submit this brief in reply to the October 21, 2024,

response brief filed by Defendant, the United States.  *See* Def. Resp to Pls.

and Pls. Intv. Rule 56.2 Mot. J. Upon Agency. R., ECF No. 44 (Oct. 21, 2024)

("Def. Resp. Br.").  Plaintiffs contest two aspects of the U.S. Department of

Commerce's ("Commerce") final affirmative determination of circumvention of

the antidumping and countervailing duty orders on *Crystalline Silicon*

*Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's*

*Republic of China.*  *See* Pl's. Rule 56.2 Mot. J. Agency R., ECF No. 42 (June

26, 2024) ("Pl. Br."), *see also Antidumping and Countervailing Duty Orders*

*on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into*

*Modules, from the People's Republic of China: Final Scope Determination and*

*Final Affirmative Determinations of Circumvention with Respect to*

*Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Aug. 23,

2023), P.R. 751, Appx1216–1230 ("*Final Determination*"), and accompanying

Issues and Decision Memorandum for the Circumvention Inquiry with

Ct. No. 23-00228                                                   Reply Brief

Respect to the Socialist Republic of Vietnam, (Dep't of Commerce Aug. 17, 2023), P.R. 749, Appx1050–1215 ("Decision Memo").

    In its response brief, Defendant mischaracterizes the crux of Plaintiffs' argument concerning Commerce's illogical findings under the "minor or insignificant" factors of 19 U.S.C. § 1677j(b)(2).  That is, Commerce failed to explain how its finding on the significant nature of the CSPV cell and module production process, which requires "sophisticated, precise, and technologically advanced equipment," can be reconciled with its overall conclusion that the process of assembly or completion in Vietnam is "minor or insignificant." *Decision Memo*, Appx1093-1094.  Defendant fails to respond substantively to this contention.  Instead, Defendant asserts that Plaintiffs are proposing a "novel statutory interpretation" which asks Commerce to base its decision on a single factor.  Def Resp. Br., at 17–18.  In doing so, Defendant ignores that Commerce unlawfully *weighed* the statutory factors, when substantial evidence demonstrates that the process of assembly or completion under § 1677j(b)(2) is significant in Vietnam.

    Second, in asserting that Commerce's adverse facts available ("AFA") based affirmative finding of circumvention on a country-wide basis was supported by substantial evidence, Defendant analogizes to cases and Commerce prior practice of calculating an "all-others" rate for non-examined companies in antidumping proceedings.  Def. Resp. Br., at 19–28.  Yet,

2

Ct. No. 23-00228                                                    Reply Brief

Defendant fails to consider the practical differences raised here in a

circumvention inquiry, for which no dumping margin is being calculated.

Where one mandatory respondent receives a negative finding of

circumvention based on the required statutory analysis under § 1677j(b)(1),

and the other respondent receives an affirmative finding of circumvention

based on the application of AFA, neither substantial evidence nor the

circumvention and AFA statutory frameworks support Commerce's decision

to extend this AFA affirmative finding to *all* non-examined producers and

exporters of inquiry merchandise across Vietnam.

    For the reasons below, the Court must remand to Commerce with

instructions to reverse the challenged determination in accordance with the

Court's findings.

II.    ARGUMENT

    A.    Defendant Fails to Demonstrate How Commerce's Illogical
           Conclusion under its Process of Assembly or Completion Analysis
           is Supported By Substantial Evidence

    At pages 18 to 28 of Plaintiffs' opening brief, Plaintiffs explained that

Commerce, when evaluating the nature of the production process under 19

U.S.C. § 1677j(b)(2)(C), reconfirmed in these inquiries that crystalline

photovoltaic ("CSPV") cell and module manufacturing (including the

formation of the p/n junction) are major, complex manufacturing processes

that do not amount to minor or insignificant processing. Pl. Br., at 18–19,

Ct. No. 23-00228                                                        Reply Brief

*citing* Decision Memo at 41–45, Appx1090–Appx1094.  Plaintiffs explained

that Commerce made numerous key findings on the complex and extensive

nature of CSPV cell production through its comparison to the production of

upstream ingots and wafers.  *Id.,* at 23–24, *citing* Decision Memo at 43–44,

Appx1092–Appx1093.  Commerce found that greater technology was required

to produce solar cells than to produce ingots, and that cell and module

production required significantly more manufacturing steps and skilled labor.

*Id.*  It also explained that CSPV cell and module production requires *over 100*

*different inputs*, "whereas converting polysilicon into wafers only involves a

handful of inputs."  *Id., citing* Decision Memo at 44, Appx1093.  In addition,

Commerce found that:

> solar cell production requires sophisticated, precise and advanced
> automation equipment, and solar module production requires
> highly automated machinery and accurate quality-testing
> requirement at multiple stages. Meanwhile, the IAE Report
> indicates that ingot production uses simpler, more conventional
> equipment. Therefore, producing solar cells and modules in the
> inquiry country involves a multi-step production process that
> requires more precise and sophisticated equipment at multiple
> stages compared to producing ingots and wafers in China.

*Id.*, (internal quotations omitted).

Overall, as argued by Plaintiffs, Commerce's findings with regard to

the nature of processing factor under § 1677j(b)(2)(C) *logically compel* a

negative determination as to whether cell and module production is minor

processing.  Yet, Defendant fails to explain how Commerce's findings with

Ct. No. 23-00228                                                    Reply Brief

regard to the nature of processing factor could reasonably support the

conclusion that cell and module production is minor processing.  Instead,

Defendant mischaracterizes, and altogether avoids, the critical argument

raised by Plaintiffs.  Defendant simply asserts that the nature of the

production process should not "take precedence" over the other factors, Def.

Resp. Br, at 18, and that Commerce cannot "disregard" the other four factors

under 19 U.S.C. § 1677j(b)(2).  *Id.*, at 19.  However, Commerce's findings

regarding the "nature of the production process factor" were so clear and

compelling, that they necessarily implicate its findings under the other four

statutory factors.  Pl. Br., at 23.

    While Commerce made company-specific findings[1] for the other four

statutory factors under 19 U.S.C. § 1677j(b)(2), Commerce findings on the

"nature of production process" applied broadly to all CSPV cell and module

producers in all four segments of the circumvention proceeding.  Yet, when

---

[1] Commerce preliminary determined that three out of the five "minor or insignificant" statutory factors under 19 U.S.C. § 1677j(b)(2) weighed in favor of finding circumvention for Vina: level of investment, extent of production facilities, and level of research and development.  *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 87 Fed. Reg. 75221 (Dec. 8, 2022) ("*Prelim. Determination*"), Appx1031-Appx1041, and accompanying preliminary decision memorandum (Dec. 1, 2022) at 16–22, Appx1015–Appx1021.  Yet, in the *Final Determination*, Commerce broadly applied AFA to Vina based on its non-cooperation of on-site verification.  *Final Determination*, at 57420, Appx1217.

5

Ct. No. 23-00228                                                Reply Brief

Commerce analyzed the company-specific findings under the other four factors, it failed to consider the specific findings it made for the industry and production process as a whole under the "nature of the production process" factor.  For example, one cannot reasonably conclude that the level of investment for the production of solar CSPV cells and modules could be "insignificant," when Commerce found that CSPV cell and module production requires "a fully integrated, multi-step manufacturing line with equipment to perform multiple processes. . . {e}ach of these processes requires one or more uniquely designed and calibrated machines to advance the wafer from a commodity product to a finished cell."  Decision Memo, at 43, Appx1092.  Similarly, Commerce cannot reasonably find that the "extent of production facilities" is "insignificant" but also find that the production of CSPV cells and modules requires hundreds of workers, multiple steps and stages, and several different types of machinery.  *Id.*  Those findings indicate that CSPV cell and module production facilities required to complete such production necessarily are significant.  *Id.*, at 44, Appx1093.  Finally, Commerce's finding that the level of research and development is "insignificant" is incongruent with its finding that cell and module producers must "regularly upgrade{ } production lines to avoid becoming obsolete," which supports its conclusion that the nature of the production process is significant.  *Id.*, at 43, Appx1092.

Ct. No. 23-00228                                                      Reply Brief

It is not surprising that Commerce has never before reached an *affirmative* finding of circumvention when it also found that the nature of the production process was significant. As articulated by Plaintiffs, the circumvention statute and accompanying regulations were not designed to address manufacturing activity involving significant, extensive, and technologically advanced production steps. Pl. Br., at 23. By contorting the circumvention statute to apply to CSPV cell and module production, Commerce, unsurprisingly, is left with irrational and contradictory conclusions that render its determination lacking a basis in substantial evidence.

In sum, Commerce's determination to ignore the conclusions compelled by its finding under §1677j(b)(2)(C) cannot be sustained, especially here where Commerce and Defendant have failed to provide any rational connection between the nature of processing finding and the overall determination. *See Coalition of Am. Flange Producers v. United States*, 517 F. Supp. 3d 1378, 1381 (Ct. Int'l Trade 2021) (citing *Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

B.    Substantial Evidence and the Applicable Statutory Frameworks Do Not Support Commerce's Country-Wide Application of AFA

In the *Final Determination*, Commerce reached a negative finding of circumvention as to Boviet Solar Technology Co., Ltd. ("Boviet"), one of the

two mandatory respondents. *Decision Memo*, at 1, Appx1050. Based on the application of AFA under 19 U.S.C. § 1677e(a), Commerce reached an affirmative finding of circumvention as to the other mandatory respondent, Vina Solar Technology Company Limited ("Vina"), and to seven other companies[2] which did not respond to Commerce's quantity and value ("Q&V") questionnaire. *Id.*, Appx1100-1102. Despite reaching a negative finding of circumvention for one mandatory respondent, and an affirmative finding of circumvention for the other based on AFA, Commerce extended its affirmative finding of circumvention as to all producers and exporters of inquiry merchandise in Vietnam, i.e., on a "country-wide" basis. *Id.*, Appx1090.

Defendant argues that Commerce's affirmative finding of circumvention, based on the application of AFA, for the entire country of Vietnam was supported by substantial evidence. Def. Resp. Br., at 19–26. Defendant asserts that evidence contained in the Auxin Solar Inc. ("Auxin")

---

[2] In the *Final Determination*, Commerce applied AFA to nine companies in total, including Vina and eight other companies that did not timely respond to Commerce's Q&V questionnaire. *Final Determination*, 88 Fed. Reg. at 57425. Based on Commerce's recently published amended final determination, Red Sun Energy Long An Company Limited has since been removed from the list of companies receiving AFA. *See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Notice of Amended Final Affirmative Determination of Circumvention Pursuant to Settlement Agreement*, 89 Fed. Reg. 88969 (Nov. 12, 2024).

*allegation* should "end the Court's inquiry" because it was sufficient to support Commerce's decision to apply its affirmative circumvention finding on a country-wide basis. Def. Resp. Br., at 20–22. Defendant repeatedly, and wrongly, asserts that such evidence was not "rebutted" and was "uncontroverted" on the record. Def Resp. Br., at 13, 20, 27. Finally, in analogizing to Commerce's methodology for calculating dumping margins for non-examined companies in antidumping proceedings, Defendant asserts that the same "presumption of representativeness" from the selection of mandatory respondents should also apply here in circumvention proceedings. Def. Resp. Br., at 26–27.

> 1.    Evidence Submitted in Support of Auxin's Allegation Does Not Support a Country-Wide Finding of Circumvention

As an initial matter, Defendant mischaracterizes the record evidence underlying Auxin's circumvention allegation as "uncontroverted" and "unrebutted." Def Resp. Br., at 13, 20, 27. The record citations provided by Defendant cite to news articles and investor disclosures, for which Auxin claims "appear" to support a finding of circumventing activity in Vietnam. *See* Letter from Auxin Solar Inc., "Auxin Solar Placing Petition on Record," (Feb. 18, 2022), at 35, Appx1273. However, the record also contains voluminous factual information submitted by interested parties which rebutted, clarified, and corrected the information submitted by Auxin in

Ct. No. 23-00228                                                    Reply Brief

support of its allegation.[3]  Accordingly, Defendant is incorrect to assert that

such evidence is "unrebutted" or "uncontroverted,"  Def. Resp. Br., at 12, 20,

27, because record evidence submitted by interested parties and mandatory

respondent data from Boviet directly contradict these allegations.

Notwithstanding that such evidence was rebutted, Defendant falsely

equates type types of evidence:  (1) the evidence in support of an allegation,

submitted to support the *initiation* of an inquiry to (2) evidence in support of

expanding an affirmative finding of circumvention to all companies and

producers in Vietnam.  In other words, Defendant posits that because Auxin's

allegation included generalized evidence of manufacturing activity expanding

to Vietnam, Commerce's decision to extend its *affirmative* circumvention on a

country-wide basis, and not its *negative* circumvention decision, is supported

by record evidence.  Def. Resp. Br., at 22–25.

---

[3] *See* Letter from NextEra Energy Constructors, LLC and Florida Power &
Light Company, "Response to Auxin's March 21, 2022 Letter Regarding Recent
Imports of CSPV Cells and Modules," (Mar. 22, 2022), Appx13542–13578; Letter
from Canadian Solar, "Response to Initiation of Circumvention Inquiries," (May 2,
2022), Appx3803–4092 (responding to "rebut, clarify, and correct allegations" made
by Auxin); Letter from Trina Solar (Vietnam) Science & Technology Co., Ltd. and
Trina Solar Science & Technology (Thailand) Co., Ltd., "Trina's Comments on
Auxin's Circumvention Inquiry Request and Factual Information Submission to
Rebut, Clarify, or Correct Factual Information Contained in Auxin's Request," (May
2, 2022), Appx4246–4409.

Ct. No. 23-00228                                              Reply Brief

This reasoning is flawed.  While the evidence supporting Auxin's allegation arguably may have been enough for Commerce to *initiate* the circumvention inquiry on a country-wide basis, it cannot form the basis for Commerce's justification to extend an affirmative AFA-based finding of circumvention to all cooperative parties in a single country.  None of the news articles or investor reports submitted by Auxin in support of its allegation, *see* Def. Br., at 21, are sufficient to conclude that the required statutory elements of circumvention under 19 U.S.C. § 1677j(b)(1) are satisfied.  If the evidence supporting the initiation of the inquiry were sufficient to support a country-wide finding of circumvention, then Commerce did not need to spend over 500 days investigating whether there was circumvention by minor processing, if that same evidence in the allegation could have compelled an affirmative finding as to Boviet.  It follows then that the allegation evidence cannot be used as the basis for expanding an affirmative AFA-based circumvention finding to *a whole country*, if such evidence is not sufficient to independently establish circumvention under the required statutory factors of § 1677j(b)(1).

      2.    "All-Others" Rate Calculations are Inapplicable to Circumvention Proceedings

In antidumping proceedings, 19 U.S.C. § 1673d(c)(5) requires Commerce to calculate an "all others" rate for non-examined companies using

11

a weighted average of the estimated weighted average dumping margins

established for companies individually investigated.  Commerce is required to

exclude any zero and de minimis margins and *margins based on AFA* in

making such "all others" calculations.  § 1673d(c)(5)(A).  Further, if all the

weighted average dumping margins established for individually examined

companies are de minimis or based on AFA, the statute empowers Commerce

to use any *reasonable* method for calculating the all-others rate for non-

examined companies.  § 1673d(c)(5)(B) (emphasis added).

In contrast, the circumvention statutory framework under 19 U.S.C. §

1677j(b) does not similarly empower Commerce to apply determinations to

non-examined companies using any reasonable method.  While Commerce's

regulations provide that Commerce "may" consider—based on record

evidence—an appropriate remedy to address circumvention, which "may

include" applying its determination on a country-wide basis, neither the

statute nor regulations require Commerce to issue a circumvention decision

on a country-wide basis.  19 C.F.R. § 351.226(m)(ii), (iii).  Indeed, Commerce

has discretion when conducting circumvention inquiries to select an

appropriate remedy, providing that such a remedy is based on substantial

evidence.  *Id*.

However, Commerce is not calculating dumping margins in any

circumvention proceeding; rather, it is determining whether to expand the

scope of an existing order to include, in some cases, the exporting activity of

an entire country.  *See Tai-Ao Aluminum (Taishan) Co., Ltd. v. United States*,

983 F.3d 487, 490 (Fed. Cir. 2020).  In this sense, circumvention proceedings

present an "all or nothing" scenario because Commerce is reaching a "yes" or

"no" decision.  Accordingly, Commerce cannot analogize to its methodology for

calculating an average "all-other" rate in antidumping proceedings, because

no averages can be determined for yes-or-no circumvention determinations.

Defendant repeatedly and improperly relies on *PrimeSource* as

authority for Commerce's decision to apply its circumvention AFA finding to

all producers and exporters from Vietnam.  Def. Br., at 16, 17, 27, 28 (*citing

PrimeSource Bldg. Prod., Inc. v. United States*, 111 F.4th 1320 (Fed. Cir.

2024).  Yet, this case considered Commerce's decision to calculate an "all-

others" rate when both mandatory respondents received rates based on AFA.

*Id.*  In *PrimeSource*, the statutory provision at issue, 19 U.S.C. §

1673d(c)(5)(B), empowers Commerce to determine a reasonable method for

calculating rates for non-examined companies and specifically authorizes

Commerce to use "the estimated weighted average dumping margins

determined for the exporters and producers individually investigated" that

were determined based on AFA.  The CAFC determined that Commerce's

calculated method was reasonable and in accordance with the statute.  111

F.4th at 1329 (referring to Commerce's "statutory mandate").

Again, the circumvention framework under 19 U.S.C. § 1677j(b) does not empower Commerce to attribute AFA to *cooperative* parties; rather, only in antidumping proceedings, under § 1673d(c)(5)(B), does Commerce have that authority. The authorities granted to Commerce through those two statutory provisions are different. Accordingly, *PrimeSource* is not informative here, where the circumvention framework provides no guidance to Commerce on how to assign circumvention determinations to un-examined companies. Instead, Commerce may, based on substantial evidence, select an appropriate remedy pursuant to 19 C.F.R. § 351.226(m).

Here, because one mandatory respondent was found not to be circumventing based on available record evidence, and the other mandatory respondent was found to be circumventing based on the application of AFA under 19 U.S.C. § 1677(e)(a), Commerce cannot point to which substantial evidence on the record supports its determination to extend its AFA decision to all cooperative parties. As Plaintiffs demonstrated previously, Auxin's allegation evidence cannot be the basis for such a determination. Further, the AFA statute does not permit Commerce to extend its AFA decision to *cooperative* un-examined parties. As Plaintiffs argued in their opening case brief, the AFA statute involves a two-step process, in which Commerce must also find that "an interested party has failed to cooperate by not acting to the best of its ability." *See* Pl. Br., at 30–31 (*citing* 19 U.S.C. § 1677e(b)(1)).

Ct. No. 23-00228                                            Reply Brief

Commerce never made that required finding as to the cooperative, un-examined parties in this circumvention proceeding.

Accordingly, Commerce's decision to extend its AFA findings for Vina and the seven companies which failed to provide a response to the Q&V questionnaires is neither supported by substantial evidence, nor in accordance with the circumvention and AFA statutory frameworks.

III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its Motion for Judgment on the Agency Record and remand this case to Commerce with instructions consistent with the points set forth in this Memorandum.

Respectfully submitted,

/s/ Jonathan M. Freed
Jonathan M. Freed
MacKensie R. Sugama

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
(202) 223-3760

*Counsel for Plaintiffs*

Dated:  December 19, 2024