IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., ET AL., ) ) ) ) | |
| Plaintiffs, ) ) | |
| and ) ) | |
| FLORIDA POWER & LIGHT COMPANY, ) ) | |
| Plaintiff-Intervenor, ) ) ) | |
| v. ) ) | Court No. 23-00228 |
| UNITED STATES, ) ) | |
| Defendant, ) ) | |
| and ) ) | |
| AUXIN SOLAR INC. ET ANO., ) ) | |
| Defendant-Intervenors. ) | |

PLAINTIFF-INTERVENOR FLORIDA POWER & LIGHT COMPANY'S
MEMORANDUM IN SUPPORT OF PLAINTIFFS' RULE 56.2
MOTION FOR JUDGMENT ON THE AGENCY RECORD

                                      Matthew R. Nicely
                                      Daniel M. Witkowski
                                      Julia K. Eppard
                                      AKIN GUMP STRAUSS HAUER & FELD LLP
                                      2001 K Street
                                      Washington, DC 20006
                                      Phone: (202) 887-4046
                                      E-mail: mnicely@akingump.com
                                      *Counsel for Florida Power & Light*
Dated: January 16, 2025             *Company*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ......................................................................... ii

GLOSSARY ................................................................................................ iii

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................... 2

I.   DEFENDANT FAILS TO SHOW THAT THE PROCESS OF ASSEMBLING OR COMPLETING CSPV CELLS AND MODULES IN VIETNAM WAS MINOR ........................................... 2

II.  DEFENDANT FAILS TO SHOW THAT IT WAS APPROPRIATE FOR COMMERCE TO ISSUE AN AFFIRMATIVE COUNTRY-WIDE CIRCUMVENTION DETERMINATION ............................. 8

CONCLUSION .......................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amanda Foods (Vietnam) Ltd., v. United States*,
  647 F. Supp. 2d 1368 (Ct. Int'l Trade 2009) .........................................11

*Changzhou Trina Solar Energy Co. v. United States*,
  195 F. Supp. 3d 1334 (Ct. Int'l Trade 2016) ...........................................7

*Yangzhou Bestpak Gifts & Crafts Co. v. United States*,
  716 F.3d 1370 (Fed. Cir. 2013) ..............................................................11

Statutes

19 U.S.C. § 1677e(b)(1) ................................................................................11

19 U.S.C. § 1677j(b) ................................................................................ 2, 8

19 U.S.C. § 1677j(b)(1) ............................................................................ 9, 11

19 U.S.C. § 1677j(b)(1)(B) .............................................................................2

19 U.S.C. § 1677j(b)(1)(C) .............................................................................2

19 U.S.C. § 1677j(b)(2) .............................................................. 3, 4, 5, 6, 7, 9

19 U.S.C. § 1677j(b)(3) ..................................................................................9

Administrative Determinations

*Antidumping and Countervailing Duty Orders on Certain
  Aluminum Foil From the People's Republic of China:
  Final Affirmative Determinations of Circumvention With
  Respect to the Republic of Korea and the Kingdom of
  Thailand*, 88 Fed. Reg. 82,824 (Nov. 27, 2023) .......................................3

## GLOSSARY

| Abbreviation | Term |
|---|---|
| AFA | adverse facts available |
| Boviet | Boviet Solar Technology Co., Ltd. |
| CSPV | crystalline silicon photovoltaic |
| Decision Memo | Issues and Decision Memorandum for the Circumvention Inquiry With Respect to Vietnam accompanying *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Aug. 23, 2023) |
| *Final Determination* | *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Aug. 23, 2023) |
| FPL | Florida Power & Light Company |
| SAA | Uruguay Round Agreements Act, Statement of Administrative Action, H.R. Rep. No. 103-316, Vol. I (1994) |

# INTRODUCTION

Plaintiff-Intervenor Florida Power & Light Company ("FPL")[1] hereby submits this brief in support of the Rule 56.2 motions for judgment upon the agency record filed by FPL and Plaintiffs Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, and Trina Solar Co., Ltd. (collectively, "Plaintiffs"). For the reasons explained by Plaintiffs in their reply brief, ECF No. 47, and the additional reasons provided in this brief, the arguments in Defendant's Opposition to Plaintiffs' and Plaintiff-Intervenor's Rule 56.2 Motions for Judgment on the Administrative Record, ECF No. 44 ("Def. Br."), in defense of Commerce's *Final Determination* are without merit and should be rejected. FPL supports the arguments made in Plaintiffs' reply brief and adopts them by reference. In this reply brief, FPL further addresses (a) Commerce's finding that the process of assembling or completing CSPV cells and modules in Vietnam is "minor" and (b) Commerce's application of its affirmative circumvention determination on a country-wide basis rather than limiting that determination to uncooperative companies.

---

[1] FPL is a subsidiary of NextEra Energy, Inc.

# ARGUMENT

I. **DEFENDANT FAILS TO SHOW THAT THE PROCESS OF ASSEMBLING OR COMPLETING CSPV CELLS AND MODULES IN VIETNAM WAS MINOR**

To expand the scope of an antidumping or countervailing duty order under 19 U.S.C. § 1677j(b), Commerce must find that "the process of assembly or completion in the foreign country" of the "imported merchandise" is "minor or insignificant." 19 U.S.C. § 1677j(b)(1)(B)-(C). As FPL explained in its Memorandum in Support of Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record, ECF No. 43 ("FPL Br."), the plain meaning of the statute directs Commerce's inquiry to the actions of assembling or completing the imported merchandise and whether those actions are small or unimportant. FPL Br. 7-8. The SAA's repeated use of the term "screwdriver operation" to describe the type of activity that Congress was concerned with reinforces the plain meaning of the statute. FPL. Br. 9-10. Defendant accuses Plaintiffs and FPL of adopting a "selective interpretation" of the statutory language, Def. Br. 18, but offers no valid justification for ignoring the common meaning of the statute's terms. The statute's requirement that certain factors be "take{n} into account" does not change the fundamental nature of the

2

inquiry or the meaning of the words "process," "minor," and "insignificant." 19 U.S.C. § 1677j(b)(2).

As FPL also explained in its opening brief, the nature of the production process is a key factor in this analysis. Commerce itself has recognized that Congress intended for Commerce to focus more on the nature of the production process when Congress amended the statute in the Uruguay Round Agreements Act. *See* FPL Br. 11. Commerce has also explained that the "nature of the production process" factor is more probative for Commerce's overall inquiry than the factors relating to investments, facilities, and research and development ("R&D") because those latter factors relate more to the companies, while the nature of the production process "relate{s} more to the production of inquiry merchandise itself." *Antidumping and Countervailing Duty Orders on Certain Aluminum Foil From the People's Republic of China: Final Affirmative Determinations of Circumvention With Respect to the Republic of Korea and the Kingdom of Thailand*, 88 Fed. Reg. 82,824 (Nov. 27, 2023), and accompanying Issues and Decision Memorandum with Respect to Korea at 32. Commerce's past acknowledgement of the importance of the "nature of the production process" is fully supported

3

by the statute's text, as this factor is the only one in 19 U.S.C. § 1677j(b)(2) that specifically refers to the "process," which is the subject of Commerce's ultimate analysis.

Defendant asserts that Commerce reasonably found that the process of assembly or completion in Vietnam was minor, notwithstanding that the nature of the production process weighed against that finding, because of the supposed importance of R&D. Defendant, however, fails to reconcile that position with Commerce's prior acknowledgement in *Aluminum Foil from China* (discussed above) that the R&D factor is inherently less probative than the nature of the production process, given that the R&D factor relates more to specific companies than the process itself. Moreover, R&D in the solar industry is fungible and can be separated both temporally and geographically from the action of completing or assembling the merchandise. Appx1075. Without a direct geographic and temporal connection between R&D and production, the R&D factor can provide little, if any, probative value as to whether the "process of assembly or completion" in a particular locale is minor or insignificant.

4

Commerce's proffered rationales for placing greater emphasis on the R&D factor also undermine its ultimate conclusion. In the Preliminary Decision Memorandum, Commerce justified giving particular importance to the R&D factor based on the "uniquely complex nature of solar cell and module production." Appx1024. In the final Decision Memo, Commerce explained that it "placed particular emphasis" on R&D because "solar cell production is more technically complex and dependent on skilled labor to a greater degree than most other products that Commerce has examined." Appx1075. These justifications admit that the process of assembling or completing solar cells and modules is complex and difficult, demonstrating that the process is nothing like a screwdriver operation and directly contradicting Commerce's finding that the process is "minor."

Plaintiffs and FPL are not arguing that "Commerce should disregard four of the 19 U.S.C. §1677j(b)(2) factors in favor of the nature of the production process." Def. Br. 19. Plaintiffs and FPL obviously believe that the nature of the production process is more probative than certain other factors in 19 U.S.C. § 1677j(b)(2)—which is something that Commerce itself has stated previously as well. But the record with

5

respect to the other factors also supports a finding that the processing in Vietnam was not minor.

As FPL detailed at length in its opening brief, the findings that Commerce made when discussing the nature of the production process were relevant to the other § 1677j(b)(2) factors as well. FPL Br. 13-19. For example, Commerce's findings that it takes one to three years to build solar cell and module facilities and that solar cell and module production requires a multistep process using sophisticated machinery and equipment are also relevant to the analysis of the extent of investment and production facilities associated with assembling or completing cells and modules. Appx1092. These findings, and many others, were "not specific to any one respondent but encompasse{d} the essence of the manufacturing performed by all the respondents." Appx1090. Commerce made numerous findings, based on its analysis of the factual record, that not only demonstrated that the nature of the production process was complex and significant, but that cell and module production in Vietnam requires significant investments, facilities, and R&D, and the process adds substantial value. Commerce,

6

however, ignored those factual findings when analyzing the other four § 1677j(b)(2) factors.

In fact, Commerce's conclusion that the other four § 1677j(b)(2) factors weighed in favor of a finding that the process of assembly or completion was minor did not rest on any analysis of the factual record developed with respect to those factors. As explained in FPL's opening brief, Commerce specifically refused to consider information on the record regarding those factors because it was applying AFA, and Commerce's Decision Memo does not identify the information on the record from which it could draw the inference that the other four § 1677j(b)(2) factors weighed in favor of a finding that the process of assembly or completion was minor. "By bypassing the prerequisite factual findings to reach the legal conclusion purely 'as AFA,' Commerce illegally circumvents its obligation to make determinations that are supported by a reasonable reading of the record, including consideration of the relevant evidence that 'fairly detract{s}' from the reasonableness of its conclusions." *Changzhou Trina Solar Energy Co. v. United States*, 195 F. Supp. 3d 1334, 1350 (Ct. Int'l Trade 2016); *see also id.* at 1347 (criticizing Commerce for failing to the identify the facts it selected as

7

AFA that allowed it to make the requisite factual findings). As explained above and in FPL's opening brief, the factual record developed by Commerce and Commerce's own findings based on that record supported the opposite conclusions.

The record as a whole establishes that the process of assembling or completing CSPV cells and modules in Vietnam is not minor.

II.  DEFENDANT FAILS TO SHOW THAT IT WAS APPROPRIATE FOR COMMERCE TO ISSUE AN AFFIRMATIVE COUNTRY-WIDE CIRCUMVENTION DETERMINATION

Even if Commerce could support its AFA-based conclusions against the companies that failed to cooperate with Commerce's investigation, Commerce acted unreasonably and unlawfully in issuing an affirmative country-wide circumvention determination that applied to cooperative companies.

The CSPV cells and modules assembled or completed in Vietnam by non-examined cooperative companies is outside the literal scope of the orders. Under the statute, Commerce can include the merchandise that they export within the scope of the orders only if the process of completing or assembling that merchandise is minor or insignificant. 19 U.S.C. § 1677j(b). The fact that some of those companies may be

8

affiliated with companies in China or use certain Chinese inputs does not demonstrate that the process of assembly or completion of the merchandise is minor. *See* 19 U.S.C. § 1677j(b)(1) (identifying the merchandise having been completed or assembled from merchandise from the country subject to the order as a separate criterion from whether the process of assembly or completion is minor); *id.* § 1677j(b)(3) (identifying affiliation as a separate factor). Thus, the proper question is whether Commerce had a reasonable basis to conclude that the production process in Vietnam for the merchandise exported by non-examined cooperative companies was minor. The answer is no.

 FPL is not arguing that Commerce is prohibited from making inferences based on its examination of mandatory respondents, including those that receive AFA, as long as those inferences are reasonable. But any inference that non-examined cooperative companies were circumventing is unreasonable. Again, Commerce did not cite to any facts on the record with respect to the § 1677j(b)(2) factors that supported the inferences that it drew with respect to each of the non-cooperative companies. Thus, its conclusions with respect to

9

those companies were not based on facts regarding the production process in Vietnam—they were based on Commerce's desire to deter non-cooperation. And because those conclusions were based solely on deterrence, any inference drawn from Commerce's conclusions with respect to the non-cooperative companies necessarily rested upon deterrence rather than a reasoned consideration of the factual record.

Commerce made extensive findings that applied to all companies in Vietnam, including those that cooperated but were not individually examined, that indicated that the process of assembly or completion in Vietnam was not minor. Commerce had also collected facts from Boviet, which fully cooperated with Commerce's inquiry and for which Commerce reached a negative circumvention determination. Thus, the record contained substantial evidence that would support a conclusion that the non-examined cooperative companies were not circumventing the orders. Commerce, however, disregarded that record evidence, and instead treated the companies to which it applied AFA as representative of the rest of the Vietnamese industry. But as explained, Commerce's findings with respect to the non-cooperative companies were not based on Commerce's analysis of the record with respect to the relevant

10

statutory factors. They were based on deterrence. By ignoring the information on the record that was directly relevant to the cooperative companies and instead drawing inferences from findings that Commerce reached solely based on a deterrence-rationale, Commerce impermissibly applied an adverse inference against the cooperative non-examined companies. *See* 19 U.S.C. § 1677e(b)(1) (only authorizing Commerce to use AFA against the party that failed to cooperate); *see also Yangzhou Bestpak Gifts & Crafts Co. v. United States*, 716 F.3d 1370, 1379 (Fed. Cir. 2013) ("Assigning a non-mandatory, separate rate respondent a margin equal to over 120% of the only fully investigated respondent with no other information is unjustifiably high and may amount to being punitive, which is not permitted by the statute."); *Amanda Foods (Vietnam) Ltd., v. United States*, 647 F. Supp. 2d 1368, 1381 (Ct. Int'l Trade 2009) ("{T}here is no basis in the statute for penalizing cooperative uninvestigated respondents due solely to the presence of non-cooperative uninvestigated respondents who receive . . . AFA.").

In short, Commerce's affirmative circumvention finding for the non-examined cooperative companies is inconsistent with the statute and unsupported by substantial evidence.

## CONCLUSION

For the reasons discussed above and in Plaintiffs' Reply Brief, Defendant has not shown that Commerce's *Final Determination* is supported by substantial evidence or otherwise in accordance with law. Accordingly, this Court should grant Plaintiffs' Rule 56.2 Motions.

    Respectfully submitted,

    <u>/s/ Matthew R. Nicely</u>
    Matthew R. Nicely
    Daniel M. Witkowski
    Julia K. Eppard
    AKIN GUMP STRAUSS HAUER & FELD LLP
    2001 K Street
    Washington, DC 20006
    Phone: (202) 887-4046
    E-mail: mnicely@akingump.com
    *Counsel for Florida Power & Light Company*

Dated: January 16, 2025

CERTIFICATE OF COMPLIANCE

The undersigned counsel at Akin Gump Strauss Hauer & Feld LLP hereby certify that the foregoing Reply Brief in Support of Plaintiffs' Motions for Judgment on the Agency Record, dated January 16, 2025, complies with the word-count limitation set forth in the Court's December 9, 2024, Second Amended Scheduling Order. The memorandum of law contains 2,082 words according to the word-count function of the word-processing software used to prepare the memorandum.

Respectfully submitted,

/s/ Matthew R. Nicely
Matthew R. Nicely
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street
Washington, DC 20006
Phone: (202) 887-4046
E-mail: mnicely@akingump.com
*Counsel for Florida Power & Light Company*