A-570-979, C-570-980<br>
Remand<br>
Slip Op. 25-62<br>
**Public Document**<br>
E&C/IV:  DH

*Trina Solar (Vietnam) Science & Technology Co., et al. v. United States*
**Court No. 23-00228, Slip Op. 25-62 (CIT 2025)**
Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China

**FINAL RESULTS OF REDETERMINATION
PURSUANT TO COURT REMAND**

**I.    SUMMARY**

The U.S. Department of Commerce (Commerce) prepared these final results of redetermination pursuant to the U.S. Court of International Trade's (CIT) ruling in *Trina Solar (Vietnam) Science & Technology Co., et al. v. United States*.[1]  The CIT's ruling concerns Commerce's determination that companies were circumventing the antidumping duty (AD) and countervailing duty (CVD) orders[2] on solar cells and solar modules from the People's Republic of China (China) by completing solar cells and modules in the Socialist Republic of Vietnam (Vietnam) using parts and components manufactured in China.[3]  In its ruling, the CIT remanded to Commerce, in part, its *Final Circumvention Determinations* to address the criteria under section 781(b)(2) of the Tariff Act of 1930, as amended (the Act), for determining whether the process of assembly or completion in Vietnam is minor or insignificant with respect to the

---

[1] *See Trina Solar (Vietnam) Science & Technology Co., et al. v. United States*, Court No. 23-00228, Slip Op. 25-62 (CIT May 19, 2025) (*Remand Order*).
[2] *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 77 FR 73018 (December 7, 2012); *see also Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Countervailing Duty Order*, 77 FR 73017 (December 7, 2012) (collectively, *Orders*)
[3] *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 FR 57419 (August 23, 2022) (*Final Circumvention Determinations*), and accompanying Issues and Decisions Memorandum (IDM).

companies for which Commerce based its circumvention determination on total adverse facts available (AFA).[4] Consistent with the CIT's opinion, on remand, Commerce is providing further explanation of its circumvention determination with respect to the AFA companies.

## II.     BACKGROUND

In the underlying circumvention inquiry, certain companies failed to respond to Commerce's quantity and value (Q&V) questionnaire[5] and a mandatory respondent, Vina Solar Technology Co., Ltd. (Vina Solar), refused to participate in verification.[6] Based on those actions, Commerce found that the use of facts available was appropriate, pursuant to sections 776(a)(1) and 776(a)(2)(A)-(C) of the Act, because necessary information was not available on the record and the companies that failed to timely respond to the Q&V questionnaire withheld requested information, failed to provide requested information by the deadline or in the form and manner requested, and significantly impeded the circumvention inquiry.[7] Commerce also determined, pursuant to sections 776(a)(2)(C) and (D) of the Act, that the use of facts available was appropriate with respect to Vina Solar because it significantly impeded the inquiry and provided information that could not be verified.[8] Moreover, pursuant to section 776(b) of the Act, Commerce found that these companies failed to cooperate by not acting to the best of their abilities to provide the requested information because they either did not timely respond to Commerce's Q&V questionnaire or did not allow their submitted information to be verified.[9]

---

[4] *See Remand Order* at 12-13.
[5] These companies include:  1) Cong Ty Co Phan Cong Nghe Nang (Global Energy); 2) GCL System Integration Technology; 3) Green Wing Solar Technology Co., Ltd.; 4) HT Solar Vietnam Limited Company; 5) Irex Energy Joint Stock Company; 6) S-Solar Viet Nam Company Limited; 7) Venergy Solar Industry Company; and 8) Red Sun Energy Co., Ltd.  *See Final Circumvention Determinations*, 88 FR at 57420, 57425.
[6] *See* Memorandum, "Verification of Vina Solar Technology Company Limited," dated April 12, 2023 (Vina Verification Memorandum).
[7] *See Final Circumvention Determinations*, 88 FR at 57420-21.
[8] *Id.*
[9] *Id.*, 88 FR at 57421.

2

Consequently, pursuant to sections 776(a) and (b) of the Act, in selecting from among the facts otherwise available on the record, Commerce used adverse inferences with respect to these companies when making its circumvention determination.[10] Specifically, as AFA, Commerce determined that these companies exported inquiry merchandise and that U.S. entries of their subject merchandise are circumventing the *Orders*.[11]

On August 1, 2025, Commerce released to interested parties the Draft Remand and established August 6, 2025, as the deadline for interested parties to submit comments on the Draft Remand.[12] No interested parties commented on the Draft Remand. Therefore, our analysis here does not differ from the draft analysis.[13]

### III.    REMANDED ISSUE

**Background**

Section 781(b)(1) of the Act provides that Commerce may include imports of merchandise assembled or completed in a third country within the scope of an order at any time the order is in effect if, among other things, the process of assembly or completion in the third country is minor or insignificant.

Under section 781(b)(2) of the Act, Commerce considers five factors to determine whether the process of assembly or completion of merchandise in a foreign country is minor or insignificant: (1) the level of investment in the foreign country in which the merchandise is completed or assembled; (2) the level of research and development (R&D) in the foreign country in which the merchandise is completed or assembled; (3) the nature of the production process in

---

[10] *Id.*
[11] *Id.*
[12] *See* Draft Results of Remand Determination, *Trina Solar (Vietnam) Science & Technology Co., et al. v. United States* Court No. 23-00228, Slip Op. 25-62, dated August 1, 2025 (Draft Remand).
[13] *Id.*

3

the foreign country in which the merchandise is completed or assembled; (4) the extent of production facilities in the foreign country in which the merchandise is completed or assembled; and (5) whether the value of the processing performed in the foreign country in which the merchandise is completed or assembled represents a small proportion of the value of the merchandise imported into the United States.

      The CIT ruled that in its *Final Circumvention Determinations*, Commerce arbitrarily treated its AFA finding with respect to Vina Solar and the companies that failed to respond to the Q&V questionnaire as automatically dispositive of whether the process of assembling and completing Chinese components into solar cells and modules in Vietnam is, or is not, minor or insignificant without examining the criteria under section 781(b)(2) of the Act.[14] Specifically, with respect to Vina Solar, the CIT stated that while Commerce addressed three of the five criteria under section 781(b)(2) of the Act (the level of investment, the level of R&D, and the value of processing) it made no finding regarding the extent of production facilities and did not weigh its negative finding regarding the nature of the production process (indicating circumvention was not occurring) against its findings with respect to the other criteria under section 781(b)(2) of the Act.[15] The CIT noted that Commerce also failed to weigh its negative finding regarding the nature of the production process against its findings with respect to the other criteria under section 781(b)(2) of the Act with respect to the companies that failed to respond to the Q&V questionnaire.[16] The CIT stated that "{r}easoned decision making required addressing every factor, balancing them, and responding to the parties' arguments. As that didn't happen here, remand is necessary."[17]

---

[14] *See Remand Order* at 12.
[15] *Id.* at 12-13.
[16] *Id.*
[17] *Id.* at 13.

4

**Analysis**

In accordance with the CIT's remand order, below we have addressed each of the criteria under section 781(b)(2) of the Act with respect to Vina Solar and the companies that did not respond to the Q&V questionnaire. First we address those criteria with respect to Vina Solar.

As noted above, because Vina Solar refused to participate in verification, Commerce based its decision as to whether Vina Solar was circumventing the *Orders* on total AFA.[18] As Commerce explained in its affirmative *Preliminary Circumvention Determinations*, the facts on the record regarding the criteria under section 781(b)(2) of the Act show that: (1) Vina Solar's level of investment in Vietnam is minor or insignificant, compared to the level of investment in production operations in China, which weighs in favor of finding circumvention; (2) Vina Solar's R&D expenses in Vietnam are minor or insignificant, compared to the R&D expenses incurred by its affiliates in China, which weighs in favor of finding circumvention; and (3) the extent of Vina Solar's production facilities in Vietnam compared to the extent of its affiliates' production facilities in China, supports a finding of minor or insignificant assembly or completion in Vietnam, which weighs in favor of finding circumvention.[19] Commerce preliminarily determined that the value of the processing performed in Vietnam by Vina Solar is not a small proportion of the value of the inquiry merchandise imported into the United States, which weighs against finding circumvention.[20] However, Vina Solar did not permit Commerce to verify the figures on which Commerce based its value determination.[21] Thus, in its *Final*

---

[18] *See Final Circumvention Determinations*, 88 FR at 57420-21.
[19] *See Antidumping and Countervailing Duty Orders on Crystaline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Preliminary Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 87 FR 75221 (December 8, 2022) (*Preliminary Circumvention Determinations*), and accompanying Preliminary Decision Memorandum (PDM) at 16-21.
[20] *See Preliminary Circumvention Determinations* PDM at 22.
[21] *See* Vina Verification Memorandum.

*Circumvention Determinations*, Commerce stated that it applied AFA to Vina and found ,as AFA, that the value of its processing in Vietnam is a small proportion of the value of the inquiry merchandise imported into the United States, which weighs in favor of finding circumvention.[22] Because Vina Solar did not permit Commerce to verify the information that it preliminarily relied upon to determine the value of the processing performed in Vietnam by Vina Solar, that information is not reliable. Therefore, in this remand redetermination we have continued to not rely upon that information and apply AFA with respect to the value of Vina Solar's processing in Vietnam. Record information relied upon by Commerce to initiate the circumvention inquiries indicates that the value of processing in the circumvention countries, including Vietnam, is a small proportion of the value of the merchandise imported into the United States.[23] Based on this information, as AFA, in this remand redetermination we find that the value of Vina Solar's solar cell and module processing in Vietnam is a small proportion of the value of the inquiry merchandise imported into the United States. With respect to the remaining criterion under section 781(b)(2) of the Act (*i.e.*, the nature of the production process in the foreign country in which the merchandise is completed or assembled), based on an extensive analysis of the facts on the record that Commerce discussed in the IDM, Commerce determined that the nature of the production process in Vietnam for all producers—including the AFA companies—is not minor or insignificant, which weighs against finding circumvention.[24] In this remand redetermination, we continue to rely upon the extensive analysis of the facts on the record that Commerce conducted in the final circumvention determination to find that the nature of the production process in Vietnam for the AFA companies is not minor or insignificant. Hence, based on the

---

[22] *See Final Circumvention Determinations* IDM at 48.
[23] *See* Memorandum, "Initiation of Circumvention Inquiries," dated March 25, 2022, at 9-10.
[24] *See Final Circumvention Determinations* IDM at 41-45.

facts available on the record, and employing adverse inferences with respect to Vina Solar, we find, in this remand redetermination, that four of the five factors under section 781(b)(2) of the Act support finding that Vina Solar's production in Vietnam is minor or insignificant. The CIT held that "it is undisputed that Commerce properly found in the affirmative for three" of these factors, but it ruled that Commerce failed to make a finding on "the extent of the production facilities."[25] Accordingly, we clarify in this remand redetermination that, based on AFA, the extent of Vina Solar's production facilities in Vietnam are minor or insignificant. This decision is consistent with the findings in the *Preliminary Circumvention Determinations* and in order to ensure that Vina Solar will not benefit from its non-cooperation we have continued to make that finding[26] here.

When weighing the negative finding regarding the nature of the production process against the affirmative findings with respect to the other criteria under section 781(b)(2) of the Act, we looked to the Statement of Administrative Action Accompanying the Uruguay Round Agreements Act (SAA). The SAA explains that no single factor listed in section 781(b)(2) of the Act will be controlling.[27] Accordingly, Commerce's practice is to evaluate each of the factors in section 781(b)(2) of the Act as it exists in the third country and consider the totality of our analysis of those factors in making a determination.[28] The importance of any one of the factors listed under section 781(b)(2) of the Act can vary from case to case depending on the particular circumstances unique to each circumvention inquiry.

---

[25] *See Remand Order* at 12-13.
[26] *See Preliminary Circumvention Determinations* PDM at 21.
[27] *See* Statement of Administrative Action Accompanying the Uruguay Round Agreements Act (SAA), H.R. Doc. No. 103-316, Vol. I (1994)
[28] *See Hydrofluorocarbon Blends from the People's Republic of China: Final Negative Scope Ruling on Gujarat Fluorochemicals Ltd.'s R-410A Blend; Affirmative Final Determination of Circumvention of the Antidumping Duty Order by Indian Blends Containing Chinese Components*, 85 FR 61930 (October 1, 2020), and accompanying IDM at 20.

Based on the factors listed under section 781(b)(2) of the Act, pursuant to section 781(b)(1)(C) of the Act, we find that the production of inquiry merchandise in Vietnam is minor or insignificant for Vina Solar. Given the uniquely complex nature of solar cell and module production, we give particular importance to the level of Vina Solar's R&D in Vietnam. Moreover, four of the five criteria weigh in favor of finding that the production of inquiry merchandise in Vietnam is minor or insignificant for Vina Solar. Therefore, despite the findings noted above regarding the nature of the production process in Vietnam for solar cells and modules, we find that the totality of the factors indicates the process of assembly or completion in Vietnam is minor and insignificant for Vina Solar, which supports Commerce's determination that Vina Solar is circumventing the *Orders*. Next, we turn to the companies that did not respond to the Q&V questionnaire.

Because certain companies did not respond to Commerce's Q&V questionnaire, Commerce was precluded from possibly selecting these companies as mandatory respondents and obtaining relevant information from these companies for determining whether they were circumventing the *Orders*. Given that these companies withheld information requested by Commerce, and thus did not cooperate to the best of their abilities to comply with a request for information, failed to provide timely information in the form and manner requested, and significantly impeded the circumvention inquiry, pursuant to sections 776(a)(1), 776(a)(2)(A)-(C), and section 776(b) of the Act, Commerce based its circumvention decision and its decision regarding the criteria under section 781(b)(2) of the Act on AFA.[29] It is Commerce's practice to consider, in employing adverse inferences, the extent to which a party may benefit from its own

---

[29] *See Final Circumvention Determinations*, 88 FR at 57421.

lack of cooperation.[30]  To ensure that the uncooperative companies did not benefit from their lack of cooperation, as AFA, Commerce found that:  (1)  the companies' levels of investment in Vietnam are minor relative to their levels of investment in China, which weighs in favor of finding circumvention; (2) the companies' levels of R&D expenses in Vietnam are minor relative to their levels of R&D expenses in China, which weighs in favor of finding circumvention; (3) the extent of the companies' production facilities in Vietnam are minor relative to the extent of their production facilities, if any, in China, which weighs in favor of finding circumvention; and (4) the value of the companies' processing performed in Vietnam is a small proportion of the value of the inquiry merchandise imported into the United States,[31] which weighs in favor of finding circumvention.  Commerce's findings on these points are in the *Preliminary Circumvention Determinations*, and are based on the facts available on the record with adverse inferences.[32]  We have adopted these adverse findings for purposes of this remand redetermination.

However, because Commerce based its determination with respect to the nature of the production process in the foreign country in which the merchandise is completed or assembled on the production processes that are generally used by all producers, and not on a particular company's production process, Commerce determined that the nature of the production performed by companies in Vietnam, including the AFA companies, is not minor or insignificant compared to either processing polysilicon into wafers, or ingots into wafers, in China.  This determination does not weigh in favor of finding circumvention.

---

[30] *See, e.g., Steel Threaded Rod from Thailand: Preliminary Determination of Sales at Less Than Fair Value and Affirmative Preliminary Determination of Critical Circumstances*, 78 FR 79670 (December 31, 2013), and accompanying PDM at 4, unchanged in *Steel Threaded Rod from Thailand:  Final Determination of Sales at Less Than Fair Value and Affirmative Final Determination of Critical Circumstances*, 79 FR 14476 (March 14, 2014).
[31] *See Preliminary Circumvention Determinations* PDM at 17-22.
[32] *Id*.

Given Commerce's practice of evaluating each of the factors in section 781(b)(2) of the Act, as it exists in the third country, and considering the totality of the analysis of those factors in making a determination, we continue to find that the process of assembly or completion in Vietnam is minor and insignificant for the companies that did not respond to the Q&V questionnaire because four of the five criteria weigh in favor of finding that the production of inquiry merchandise in Vietnam is minor or insignificant. Similar to our finding for Vina Solar in the *Preliminary Circumvention Determinations* (before we relied on AFA) and our finding for Vina Solar based on AFA, in this remand redetermination, the negative finding for the "nature of the production process" does not outweigh the other factors that indicate a minor or insignificant production process in Vietnam.

## IV.     FINAL RESULTS OF REDETERMINATION

Consistent with the *Remand Order*, we have evaluated and weighed the factors in section 781(b)(2) of the Act with respect to Vina Solar and the companies that did not respond to Commerce's Q&V questionnaire and continue to find that those factors indicate the companies' assembly or completion of solar cells and modules in Vietnam using components from China is minor or insignificant.

8/15/2025

X _____

Signed by: ABDELALI ELOUARADIA

Abdelali Elouaradia
Deputy Assistant Secretary
  for Enforcement and Compliance.

10