IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, and TRINA SOLAR CO., LTD., | ) ) ) ) ) |
| *Plaintiffs,* | ) ) ) |
| and, | ) ) |
| FLORIDA POWER & LIGHT COMPANY, | ) ) |
| *Plaintiff-Intervenor,* | ) ) ) |
| v. | Ct. No. 23-00228 ) ) |
| UNITED STATES | ) ) |
| *Defendant,* | ) ) ) |
| and, | ) ) |
| AUXIN SOLAR INC. and FIRST SOLAR VIETNAM MANUFACTURING CO. LTD., | ) ) ) |
| *Defendant-Intervenors.* | ) ) |

COMMENTS ON REMAND REDETERMINATION OF PLAINTIFFS TRINA
SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., *ET AL*.

Jonathan M. Freed
MacKensie R. Sugama
TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
(202) 223-3760
*Counsel to Plaintiffs*

Dated: October 27, 2025

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, and TRINA SOLAR CO., LTD., | ) ) ) ) ) |
| *Plaintiffs,* | ) ) ) |
| and, | ) ) |
| FLORIDA POWER & LIGHT COMPANY, | ) ) |
| *Plaintiff-Intervenor,* | ) ) ) |
| v. | ) Ct. No. 23-00228 ) ) |
| UNITED STATES | ) ) |
| *Defendant,* | ) ) ) |
| and, | ) ) |
| AUXIN SOLAR INC. and FIRST SOLAR VIETNAM MANUFACTURING CO. LTD., | ) ) ) |
| *Defendant-Intervenors.* | ) ) ) |

CERTIFICATE OF COMPLIANCE

The undersigned counsel at Trade Pacific PLLC hereby certifies that the Comments on Remand Redetermination of Plaintiffs Trina Solar (Vietnam) Science & Technology Co., Ltd., *et al.*, dated October 27, 2025, complies with the word-count limitation described in the Scheduling Order dated September 15, 2025.  *See* ECF No. 64.  These comments contain 1,688

**Court No. 23-00228** **Page 2**

words according to the word-count function of the word-processing software

used to prepare the submission.

Respectfully submitted,

/s/ Jonathan M. Freed
Jonathan M. Freed
MacKensie R. Sugama

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
(202) 223-3760

Dated:  October 27, 2025

TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................... 1

II.     ARGUMENT ................................................................................. 2

        A.      The Court's Opinion and Commerce's Remand Redetermination
                Do Not Address Plaintiffs' Contention that Commerce's
                Determination with Regard to the Nature of the Production
                Process Compelled a Negative Circumvention Determination ..... 2

III.    CONCLUSION .............................................................................. 8

TABLE OF AUTHORITIES

Page

<u>Cases</u>

*Canadian Solar Int'l Ltd. v. United States*, 788 F.Supp.3d 1262 (Ct. Int'l
    Trade 2025) ...................................................................................................... 8


<u>Statutes</u>

19 U.S.C. § 1677j(b)(1)(C) ........................................................................ 4, 5, 7, 8

19 U.S.C. § 1677j(b)(2) ................................................................................ 4, 5, 7

Ct. No. 23-00228

COMMENTS ON REMAND DETERMINATION OF
PLAINTIFFS TRINA SOLAR (VIETNAM) SCIENCE &
TECHNOLOGY COMPANY LIMITED, TRINA SOLAR ENERGY
DEVELOPMENT COMPANY LIMITED, AND TRINA SOLAR
COMPANY LIMITED

## I.    INTRODUCTION

On behalf of plaintiffs Trina Solar (Vietnam) Science & Technology Co.
Ltd., Trina Solar Energy Development Co., Ltd., and Trina Solar Co., Ltd.
(collectively, "Trina" or "Plaintiffs"), we respectfully submit the following
comments on the U.S. Department of Commerce's ("Commerce") Final
Results of Redetermination Pursuant to Court Remand in *Trina Solar
(Vietnam) Science & Technology Co., et al. v. United States*, Ct. No. 23-228,
Slip Op. 25-62 (CIT 2025) filed on August 15, 2025.  *See* First Remand
Results Filed by U.S. Department of Commerce, ECF No. 60 (Aug. 15, 2025)
("*Remand Results*").  The *Remand Results* cover an appeal of Commerce's
final affirmative determination of circumvention, finding that crystalline
silicon photovoltaic ("CSPV") cells and modules produced in Vietnam were
circumventing the antidumping and countervailing duty orders on
*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into
Modules, from the People's Republic of China.  See Antidumping and
Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells,
Whether or Not Assembled Into Modules, from the People's Republic of China:
Final Scope Determination and Final Affirmative Determinations of*

Ct. No. 23-00228

*Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*,
88 Fed. Reg. 57,419 (Aug. 23, 2023), P.R. 751, Appx1216–1230 ("*Final
Determination*"), and accompanying Issues and Decision Memorandum for
the Circumvention Inquiry with Respect to the Socialist Republic of Vietnam,
(Dep't of Commerce Aug. 17, 2023), P.R. 749, Appx1050–1215 ("Decision
Memo").

     For the reasons explained below, Plaintiffs request that the Court now
address their first count—also raised by Plaintiff-Intervenor—addressing
whether Commerce's circumvention determination in Vietnam is supported
by substantial evidence when contrasted with Commerce's detailed findings
that the nature of the CSPV cell and module production process is significant
and complex.

II.    ARGUMENT

    A.    The Court's Opinion and Commerce's Remand Redetermination
Do Not Address Plaintiffs' Contention that Commerce's
Determination with Regard to the Nature of the Production
Process Compelled a Negative Circumvention Determination

     As a producer and exporter of the inquiry merchandise from Vietnam,
Trina was a non-examined, cooperative respondent in the underlying
circumvention inquiry. Trina timely filed a complaint in this action on
November 20, 2023, contesting certain aspects of Commerce's *Final
Determination. See* Pls. Comp., ECF No. 9. (Nov. 20, 2023). Subsequently,

Ct. No. 23-00228

Plaintiffs timely filed a motion for judgment on the agency record pursuant to rule 56.2, accompanied by a memorandum in support. *See* Pls. Mot. J. Agency Record, ECF No. 41 (June 25, 2024) ("Pls. Br.") Therein, Trina presented two issues on appeal: (1) whether Commerce's finding that the nature of production of CSPV cells and modules is significant and complex compelled a negative finding of circumvention with regard to exports from Vietnam, and (2) whether Commerce's decision to apply its circumvention finding on a country-wide basis was supported by substantial evidence and is otherwise in accordance with law.

Likewise, Plaintiff-Intervenor, Florida Power & Light Company raised the same two issues: (1) whether Commerce's determination that the process of assembly or completion of CSPV cells and modules in Vietnam was minor is supported by substantial evidence and otherwise in accordance with law in light of Commerce's finding with regard to the nature of cell and module production, and (2) whether Commerce's affirmative country-wide circumvention determination is supported by substantial evidence and otherwise in accordance with the law. *See* Pl. Int. Mo. J. Agency Record, ECF No. 43 (July 9, 2025) ("Pl. Int. Br.").

Following the conclusion of briefing, the Court issued its opinion and ordered remand to Commerce for additional findings. *See Trina Solar (Vietnam) Science & Technology Co., Ltd. et al. v. United States*, Slip Op. 25-

Ct. No. 23-00228

62, ECF No. 54 (May 19, 2025) ("Slip Op. 25-62"); Remand Order, ECF No. 55
(May 19, 2025) ("Ct. Remand Order").  In its opinion, the Court addressed the
two issues raised by Trina and Plaintiff-Intervenor.  For the first issue, the
Court remanded to Commerce without addressing Trina and Plaintiff-
Intervenor's arguments that the significant findings on the substantial,
complex nature of the production process cannot reasonably lead to a
conclusion that the process of assembly or completion is "minor or
insignificant."  *See* Slip Op 25-62, at 11–13; *see also* Pls. Br., at 21–28; Pl. Int.
Br., at 12–20.  Instead, under the first issue, the Court addressed
Commerce's AFA-based determination:

> The Department then announced—without any discussion of how
> (if at all) it balanced its § 1677j(b)(2) findings—that "the process
> of assembly or completion" for Vina and the other uncooperative
> companies was "minor or insignificant." Appx1100; 19 U.S.C. §
> 1677j(b)(1)(C). It explained that it did so because no party argued
> against application of adverse facts available to these entities. *Id.*
> And a few pages later, it appeared to suggest that this step was
> automatically dispositive as to "whether the process of
> assembling and completing Chinese components into solar cells
> and modules in Vietnam is, or is not, minor or insignificant."
> Appx1112.

Slip Op. 25-62, at 7.  While the Court subsequently agreed with Plaintiffs and
Plaintiff-Intervenor that Commerce "arbitrarily" applied its AFA finding
without also analyzing the statutory factors under 19 U.S.C. § 1677j(b)(2), it
remanded to Commerce to make such findings for the uncooperative
companies under §1677j(b)(2):

Ct. No. 23-00228

> While it's undisputed that Commerce properly found in the affirmative for three of the § 1677j(b)(2) factors grounded on that doctrine, it didn't weigh those findings against its negative conclusion—based on record facts—as to the "nature of the production process." And it skipped making *any* finding about the "extent of production," save for Boviet. Reasoned decision making required addressing every factor, balancing them, and responding to the parties' arguments. As that didn't happen here, remand is necessary.

Slip Op. 25-62, at 12–13.

As to Trina and Plaintiff-Intervenor's second issue, the Court sustained as reasonable Commerce's determination to apply its AFA-based affirmative circumvention decision on a country-wide basis to all cooperating parties. *Id.*, at 15.

In its remand order, the Court instructed that Commerce "must make a finding regarding the 'extent of production' factor and then balance the 19 U.S.C. § 1677j(b)(2) factors to determine whether the 'process of assembly or completion' of solar cells in Vietnam by the *uncooperative* companies is 'minor or insignificant' for purposes of 19 U.S.C. § 1677j(b)(1)(C)." *See* Ct. Remand Order (emphasis added).

On remand, Commerce made findings under 19 U.S.C. § 1677j(b)(2) as to the uncooperative companies. *Remand Results*, at 5–10. Commerce continued to find that the uncooperative companies' process of assembly or completion in Vietnam was "minor or insignificant." For Vina Solar, Commerce continued to find that its level of investment and R&D

5

Ct. No. 23-00228

expenditures were minor when compared to the levels reported by its

affiliates in China. *Id.*, at 5. Commerce found, using "adverse facts

available," ("AFA") that Vina Solar's value of processing and extent of

production facilities were minor or insignificant. *Id.*, at 6. Similarly, for the

uncooperative companies, Commerce also found—as AFA—that their levels of

investment, R&D, extent of production facilities, and value of processing were

all minor or insignificant. *Id.*, at 9.

Notably, Commerce did not amend any aspect of its determination that

the nature of the CSPV cell and module production process is significant for

all producers—weighing against a finding of circumvention:

> In this remand redetermination, we continue to rely upon the
> extensive analysis of the facts on the record that Commerce
> conducted in the final circumvention determination to find that
> the nature of the production process in Vietnam for the AFA
> companies is not minor or insignificant.

*Id.*, at 6.

> {B}ecause Commerce based its determination with respect to the
> nature of the production process in the foreign country in which
> the merchandise is completed or assembled on the production
> processes that are generally used by all producers, and not on a
> particular company's production process, Commerce determined
> that the nature of the production performed by companies in
> Vietnam, including the AFA companies, is not minor or
> insignificant compared to either processing polysilicon into
> wafers, or ingots into wafers, in China. This determination does
> not weigh in favor of finding circumvention.

*Id.*, at 10.

Ct. No. 23-00228

The Court's remand order was limited to an analysis of the "minor or insignificant" factors under § 1677j(b)(2) for the uncooperative companies. Based primarily on AFA, Commerce has provided this analysis. Accordingly, the Court can now address, as argued by Plaintiffs and Plaintiff-Intervenor, whether the significance of the "nature of the production process" factor— including Commerce's detailed findings—can be reconciled with its affirmative determination under § 1677j(b)(1)(C) when the circumvention provisions were enacted to address "screwdriver" operations. *See* Pls. Br., at 21–28; Pl. Int. Br., at 12–20. The crux of Plaintiffs argument was that Commerce's findings with regard to the "nature of the production process" were so forceful that "Commerce's entire affirmative determination is fundamentally incongruent" regardless of any company-specific AFA findings for the other factors under § 1677j(b)(2). *See* Pls. Br., at 22. As articulated by Plaintiffs, the circumvention statute and accompanying regulations were not designed to address manufacturing activity involving significant, extensive, and technologically advanced production steps. Pls. Br., at 23.

Now that Commerce has provided its analysis of the "minor or insignificant" factors under § 1677j(b)(2) for the uncooperative companies, the Court can address Plaintiffs' main contention that "Commerce's finding regarding the significant nature of CSPV cell and module production, on its own, should have compelled a negative circumvention determination." *See*

7

Ct. No. 23-00228

Pls. Br., at 26.  Plaintiffs acknowledge that this Court disagreed with this position in the companion civil action relating to exports from Thailand.  *See Canadian Solar Int'l Ltd. v. United States*, 788 F.Supp.3d 1262, 1273 (CIT May 16, 2025) (noting the Court's disagreement with Trina's argument that Commerce's findings with regard to the § 1677j(b)(2)(C) nature of processing factor logically compelled a negative determination as to circumvention). Nevertheless, we respectfully request that the Court take this opportunity to address this fundamental question within the context of the *Final Determination* relating to the circumvention inquiry for exports from Vietnam.

III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an opinion consistent with these arguments above.

Respectfully submitted,

/s/ Jonathan M. Freed
Jonathan M. Freed
MacKensie R. Sugama

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
(202) 223-3760

*Counsel for Plaintiffs*

Dated:  October 27, 2025