# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

_____

|  |  |  |
|---|---|---|
| TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., *et al.*, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| and, | ) ) | |
| FLORIDA POWER & LIGHT COMPANY, | ) ) ) | |
| *Plaintiff-Intervenor*, | ) ) | |
| v. | ) ) | Court No. 23-00228 |
| UNITED STATES, | ) ) | |
| *Defendant*, | ) ) | |
| and, | ) ) | |
| AUXIN SOLAR INC. and FIRST SOLAR VIETNAM MANUFACTURING CO. LTD., | ) ) ) ) | |
| *Defendant-Intervenors*. | ) ) | |

_____)

## DEFENDANT'S RESPONSE TO COMMENTS
## ON REMAND REDETERMINATION

Of Counsel:

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

REGINALD T. BLADES JR.
Assistant Director

ALEXANDER BREWER
KARL MUELLER                      Trial Attorney
Attorney                          Commercial Litigation Branch
Department of Commerce            U.S. Department of Justice
Office of Chief Counsel for       Civil Division
Trade                             P.O. Box 480
Enforcement & Compliance          Ben Franklin Station
1401 Constitution Avenue, NW      Washington, D.C., 20044
Washington, DC 20230              Tel: (202) 880-0195

                                  *Attorneys for Defendant*

December 23, 2025

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................iii

TABLE OF AUTHORITIES......................................................................iv

DEFENDANT'S RESPONSE TO COMMENTS ON REMAND
REDETERMINATION ............................................................................. 1

BACKGROUND....................................................................................... 2

    I.      Administrative Determination Under Review ...................... 2

    II.    The Court's Remand Order..................................................... 3

    III.   Commerce's Remand Redetermination ................................. 4

SUMMARY OF ARGUMENT.................................................................. 6

ARGUMENT............................................................................................ 7

    I.      Standard Of Review............................................................... 7

    II.    Trina Failed To Exhaust Its Administrative Remedies With
         Respect To Its Argument That A Single Factor Could
         Compel A Finding That The Process Of Assembly Or
         Completion Was Not Minor Or Insignificant ....................... 9

    III.   Regardless, Commerce's Finding That The Process Of
         Assembly Or Completion Of Solar Cells In Vietnam Was
         Minor Or Insignificant Is Supported By Substantial
         Evidence And In Accordance With Law .............................. 13

CONCLUSION...................................................................................... 18

# TABLE OF AUTHORITIES

## CASES

*Atl. Sugar, Ltd. v. United States,*
   744 F.2d 1556 (Fed. Cir. 1984)............................................................ 9

*BYD (H.K.) Co., Ltd. v. United States,*
   785 F.Supp.3d 1359 (Ct. Int'l Trade May 16, 2025) ........................... 17

*Canadian Solar International Limited v. United States,*
   788 F.Supp.3d 162 (Ct. Int'l Trade May 16, 2025) ............................. 17

*Ceramark Technology, Inc. v. United States,*
   61 F.Supp.3d 1371 (Ct. Int'l Trade 2015) .......................................... 12

*Conoslo v. Fed. Mar. Comm'n,*
   383 U.S. 607 (1996)................................................................................ 8

*Consol. Bearings Co. v. United States,*
   358 F.3d 997 (Fed. Cir. 2003) .............................................................. 11

*Consolidated Edison v. NLRB,*
   305 U.S. 197 (1938)................................................................................ 8

*Corus Staal BV v. United States Steel Corporation,*
   502 F.3d 1370 (Fed. Cir. 2007)................................................... 9, 10, 12

*HLDS (B) Steel SDN BHD v. United States,*
   No 21-00638, 2024 WL 244937 (Ct. Int'l Trade Jan. 23, 2024).......... 16

*MacLean-Fogg Co. v. United States,*
   100 F.Supp.3d 1349 (Ct. Int'l Trade 2015) .......................................... 8

*Matsushita Electrical Industrial Co. v. United States,*
   750 F.2d 927 (Fed. Cir. 1984) ............................................................... 8

iv

*Mittal Steel Point Lisas Ltd. v. United States*,
   548 F.3d 1375 (Fed. Cir. 2008)............................................................. 10

*Nippon Steel v. United States*,
   458 F.3d 1345 (Fed. Cir. 2006)............................................................... 8

*Trina Solar (Vietnam) Science & Technology Co., et al. v. United States,*
   Ct. No. 23-228, (CIT 2025).................................................................... 2

## STATUTES

19 U.S.C. § 1677j(b)(1)(C) .................................................................. 3, 11

19 U.S.C. § 1677j(b)(2) .....................................................................passim

28 U.S.C. § 2637(d) ................................................................................ 9

## FEDERAL REGISTER NOTICES

*Crystaline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam,*
   88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023)...................... 3

## Legislative History

SAA, H.R. Doc. 103-316, Vol. I (1994) ...................................................... 5

**GLOSSARY OF ACRONYMS AND ABBREVIATIONS**

| | |
|---|---|
| AFA | Adverse Facts Available |
| CBP | U.S. Customs and Border Protection |
| China | People's Republic of China |
| Commerce | U.S. Department of Commerce |
| IDM | Issues and Decision Memorandum |
| Trina/Plaintiffs | Trina Solar (Vietnam) Science & Technology Co. Ltd., Trina Solar Energy Development Co., Ltd., and Trina Solar Co., Ltd. |
| Vietnam | Socialist Republic of Vietnam |
| Vina | Vina Solar Technology Co. |

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

# BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., *et al.*, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| and, | ) ) | |
| FLORIDA POWER & LIGHT COMPANY, | ) ) ) | |
| *Plaintiff-Intervenor,* | ) ) | |
| v. | ) ) | Court No. 23-00228 |
| UNITED STATES, | ) ) | |
| *Defendant,* | ) ) | |
| and, | ) ) | |
| AUXIN SOLAR INC. and FIRST SOLAR VIETNAM MANUFACTURING CO. LTD., | ) ) ) ) | |
| *Defendant-Intervenors.* | ) ) | |

# DEFENDANT'S RESPONSE TO COMMENTS

# ON REMAND REDETERMINATION

Defendant, the United States, respectfully submits this response to comments submitted by Trina Solar (Vietnam) Science & Technology Co. Ltd., Trina Solar Energy Development Co., Ltd., and Trina Solar Co., Ltd. (collectively, "Trina" or "Plaintiffs") concerning the U.S. Department of Commerce's (Commerce) remand redetermination, filed in accordance with this Court's order in *Trina Solar (Vietnam) Science & Technology Co., et al. v. United States*, Ct. No. 23-228, Slip Op. 25-62 (CIT 2025) (Remand Order).  *See* Comments on remand results, ECF No. 65 (Oct. 27, 2025) (Trina comments); *see also* First Remand Results Filed by U.S. Department of Commerce, ECF No. 60 (Aug. 15, 2025) (*Remand Results*).  For the reasons described below, we respectfully request that the Court sustain the *Remand Results* and enter judgement for the United States.

## **BACKGROUND**

### I.    Administrative Determination Under Review

The administrative determination under review is the final results of the circumvention inquiry into whether solar cells and modules imported into the United States which were completed in the Socialist Republic of Vietnam (Vietnam) using parts and components

manufactured in the People's Republic of China (China) circumvented the order on solar cells and solar modules from China. *See Crystaline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023) (*Final Determination*). In the *Final Determination*, Commerce found that solar cells and modules completed in Vietnam using parts and components produced in China were circumventing the orders on solar cells and modules from China. Appx1050-1173.

## II.    The Court's Remand Order

Trina filed a complaint challenging Commerce's determination. *See* Plaintiff's complaint, ECF No. 9 (Nov. 20, 2023). On May 19, 2025, the Court remanded to Commerce to further explain its determination regarding whether the process of assembly or completion in Vietnam by Vina Solar Technology Co. (Vina) and the other uncooperative companies is minor or insignificant under 19 U.S.C. §1677j(b)(1)(C). ECF No. 55. The Court directed Commerce to address and balance each

of the five factors under 19 U.S.C. §1677j(b)(2) which Commerce is required to consider when determining whether the process of assembly or completion is minor or insignificant. *See* Remand Order at 12-13.

III.    Commerce's Remand Redetermination

On August 1, 2025, Commerce released to interested parties its draft remand. *See Remand Results* at 3. Neither Trina nor any other interested party commented on the draft remand. *Id.*

In accordance with the Court's Remand Order, Commerce further analyzed those statutory factors not addressed in its *Final Determination* and continued to find that the process of assembly or completion in Vietnam was minor or insignificant for Vina and the uncooperative companies after weighing the five factors against each other. *See Remand Results.* Commerce found, based on adverse facts available (AFA), that Vina and the uncooperative companies' (1) level of investment in Vietnam; (2) level of research and development in Vietnam; (3) extent of production facilities in Vietnam; and (4) value of processing in Vietnam, all weighed in favor of finding circumvention. *Id.* Commerce then balanced these four factors against its finding that the nature of the production process weighed against a circumvention

4

finding. *Id.* at 7-8, 10. Commerce found that the negative finding for the nature of the production process did not outweigh the other factors that indicate the process of assembly or completion in Vietnam is minor or insignificant. *Id.* Commerce specifically explained how, when weighing the factors, Commerce placed particular importance on the level of research and development in Vietnam due to the uniquely complex nature of solar cell and module production. *Id.* at 8. Additionally, Commerce discussed how the Statement of Administrative Action Accompanying the Uruguay Rounds Agreement Act (SAA) explains that no single factor listed in §1677j(b)(2) is controlling, and that four of the five factors weighed in favor of a finding of circumvention. *Id.* at 7-8 (citing SAA, H.R. Doc. 103-316, Vol. I (1994) at 893).

Commerce therefore continued to find that Vina and the uncooperative companies' assembly or completion of solar cells and modules in Vietnam using components from China is minor or insignificant. *Id.* at 10.

## SUMMARY OF ARGUMENT

Commerce's finding, that the process of assembly or completion of solar cells and modules in Vietnam using components from China is minor or insignificant, is supported by substantial evidence and in accordance with law. In determining that assembly or completion in Vietnam is minor or insignificant, Commerce applied the relevant statutory factors: (1) the level of investment in the foreign country in which the merchandise is completed or assembled; (2) the level of research and development in the foreign country in which the merchandise is completed or assembled; (3) the nature of the production process in the foreign country in which the merchandise is completed or assembled; (4) the extent of production facilities in the foreign country in which the merchandise is completed or assembled; and (5) whether the value of the processing performed in the foreign country in which the merchandise is completed or assembled represents a small proportion of the value of the merchandise imported into the United States.

Trina contends that the Court's opinion and Commerce's redetermination do not address Trina's contention that the nature of

the production process compelled a negative circumvention determination. As an initial matter, Trina failed to raise this argument during the remand proceeding and therefore failed to exhaust administrative remedies. But even if Trina had raised this argument during remand proceeding, both the Court's opinion and Commerce's *Remand Results* addressed this point. In particular, the Court agreed with Trina on the general premise that Commerce must make a finding about all of the statutory factors. The Court, however, instructed Commerce to weigh the factors against each other to come to its conclusion, rather than treating one factor as compelling. Commerce then, in its remand redetermination properly considered the statutory factors, weighed those statutory factors against each other, and appropriately found that the process of assembly or completion in Vietnam was minor or insignificant.

## **ARGUMENT**

### I.    Standard of Review

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," are "supported by substantial evidence, and are otherwise in accordance

with law." *See MacLean-Fogg Co. v. United States*, 100 F.Supp.3d 1349,

1355 (Ct. Int'l Trade 2015).  Substantial evidence is such relevant

evidence as a reasonable mind would accept as adequate to support the

conclusion reached.  *Consolidated Edison v. NLRB*, 305 U.S. 197, 229

(1938).  Substantial evidence may be "less than the weight of the

evidence, and the possibility of drawing two inconsistent conclusions

from the evidence does not prevent an administrative agency's finding

from being supported by substantial evidence."  *Conoslo v. Fed. Mar.*

*Comm'n*, 383 U.S. 607, 620 (1996).  To hold a decision supported by

substantial evidence, the Court need only find evidence "which could

reasonably lead to {Commerce's} conclusion," so that the conclusion was

a "rational decision."  *Matsushita Electrical Industrial Co. v. United*

*States*, 750 F.2d.927 (Fed. Cir. 1984).

A party challenging Commerce's determination under the

substantial evidence standard "has chosen a course with a high barrier

to reversal," *Nippon Steel v. United States*, 458 F.3d 1345, 1352 (Fed.

Cir. 2006), and the Court will sustain Commerce's factual

determinations as long as they are reasonable and supported by the

record as a whole, even if some record evidence detracts from the

agency's conclusions. *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984).

II.   <u>Trina Failed to Exhaust Its Administrative Remedies with Respect to Its Argument that a Single Factor Could Compel a Finding that the Process of Assembly or Completion was Not Minor or Insignificant</u>

As an initial matter, Trina failed to raise its claim that Commerce had improperly weighed the statutory factors before Commerce during the remand redetermination proceeding and it, therefore, failed to exhaust its administrative remedies with respect to this claim. Under 28 U.S.C. §2637(d), Congress expressly mandated that the Court of International Trade "{s}hall, where appropriate, require the exhaustion of administrative remedies" in civil actions arising from Commerce's antidumping duty determinations. The statute reflects "a congressional intent that, absent a strong contrary reason, the court should insist that parties exhaust their remedies before the pertinent administrative agencies." *Corus Staal BV v. United States Steel Corporation*, 502 F.3d 1370, 1379 (Fed. Cir. 2007). Exhaustion is "a requirement explicitly imposed by the agency as a prerequisite for judicial review." *Id.* at 1379. This Court "generally takes a strict view of the requirement that

parties exhaust their administrative remedies before {Commerce} in trade cases." *Id.* at 1379.

Parties may only avoid the requirement to exhaust their administrative remedies if their argument falls into one of two exceptions: the "pure question of law" exception, or the futility exception. *Id.* at 1378, fn. 4; *see also Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1384-85 (Fed. Cir. 2008). To fall under the futility exception, a party must show that they "would be required to go through obviously useless motions in order to preserve their rights." *Corus Staal*, 502 F.3d at 1379 (internal quotation omitted). The futility exception "is a narrow one{,}" and "{t}he mere fact that an adverse decision may have been likely does not excuse a party from a statutory or regulatory requirement that it exhaust its administrative remedies." *Id.* To fall under the "pure question of law" exception, a party must show that the case presents a pure legal issue that requires only an examination of the relevant statute, and does not require the application of any special expertise from the agency or the development of a factual record either before or after the Court's consideration of the

issue.  *See Consol. Bearings Co. v. United States*, 358 F.3d 997, 1003 (Fed. Cir. 2003).

Here, Commerce released its draft remand redetermination on August 1, 2025.  *See Remand Results* at 3.  Trina did not comment on the draft remand results.  *Id.*  Thus, during the remand redetermination proceeding, Trina failed to present the argument before Commerce that it now raises before this Court, that Commerce failed to correctly balance the five factors against each other.

Trina has failed to demonstrate that any of the exceptions to the requirement to exhaust administrative remedies applies in this case. Trina has not argued that Commerce's weighing of the statutory factors is a pure question of law.  Indeed, the issue of whether processing or completion in Vietnam was minor or insignificant under 19 § U.S.C. 1677j(b)(1)(C) explicitly required application of Commerce's expertise to the factual record to make a factual finding guided by the statute.  *See Remand Results* at 7-8; *see also* 19 U.S.C. § 1677j(b)(2).  As such, Trina's argument cannot fall under the "pure question of law" exception. Additionally, Trina has not shown that making its arguments would be futile.  *See generally* Trina Comments.  In this remand, Commerce

11

reweighed the evidence in light of the statutory factors, and explained why it considered certain factors important. *See Remand Results* at 8. Arguments about how Commerce weighed the five statutory factors under its new, factually specific circumvention analysis could have influenced Commerce's decision-making.[1] However, Trina made no such arguments. As such, Trina has not shown why its arguments would fall under the futility exception to the exhaustion requirement. Thus, no exception to the requirement to exhaust administrative remedies applies.

Because Trina failed to participate in the remand proceeding before Commerce and does not articulate any basis upon which this

---

[1] Whether or not Commerce would actually have done so is not relevant to the futility exception analysis. *See, e.g.*, *Ceramark Technology, Inc. v. United States*, 61 F.Supp.3d 1371, 1375-76 (Ct. Int'l Trade 2015) (Finding in a circumvention proceeding "{i}t is possible, indeed likely, that if Ceramark had simply re-submitted its previous comments, Commerce would not have changed its position. . . . But repetition is not what the Plaintiff was required to do here. Rather, Plaintiff was required to comment on new factual findings, and the resultant new balance of evidence, that Commerce undertook specifically for this redetermination. . . . While Commerce still might not have agreed with Ceramark's arguments on remand, the 'mere fact that an adverse decision may have been likely does not excuse a party from a statutory or regulatory requirement that it exhaust administrative remedies.' *Corus Staal*, 502 F.3d at 1379. Providing comments on remand would have, at the very least, provided 'the agency an opportunity to set forth its position in a manner that would facilitate judicial review.' *Id.* at 1380. Certainly the court's review would have benefited had Commerce had the opportunity to consider its new factual findings, reconsideration, and resultant redetermination were based on a reasonable reading of the entire record").

Court could reasonably exercise its discretion to excuse the exhaustion requirement in this instance, the Court should decline to consider Trina's claim.

III. Regardless, Commerce's Finding that the Process of Assembly or Completion of Solar Cells in Vietnam was Minor or Insignificant is Supported by Substantial Evidence and in Accordance with Law

Consistent with the Court's order, Commerce properly examined the five statutory factors under §1677j(b)(2) and determined that, on balance, the factors weighed in favor of a finding that the process of assembly or completion in Vietnam by Vina and the uncooperative companies is minor or insignificant. *See Remand Results.* Thus, even if this court were to find that Trina did not fail to exhaust its administrative remedies by not filing comments on Commerce's draft remand redetermination, Commerce's remand redetermination is based on substantial evidence and in accordance with law. Specifically, Commerce considered the following five factors laid out in the statute: (1) the level of investment in the foreign country in which the merchandise is completed or assembled; (2) the level of research and development in the foreign country in which the merchandise is completed or assembled; (3) the nature of the production process in the

13

foreign country in which the merchandise is completed or assembled; (4) the extent of production facilities in the foreign country in which the merchandise is completed or assembled; and (5) whether the value of the processing performed in the foreign country in which the merchandise is completed or assembled represents a small proportion of the value of the merchandise imported into the United States. *See Remand Results* at 5-10 (concluding that "the process of assembly or completion in Vietnam is minor and insignificant for the companies that did not respond to the Q&V questionnaire because four of the five criteria weigh in favor of finding that the production of inquiry merchandise in Vietnam is minor or insignificant."); *see also* 19 U.S.C. §1677j(b)(2).

Trina requests that this Court now consider its arguments that Commerce's negative finding on the nature of the production process does not support Commerce's overall affirmative circumvention determination. Trina asks that the Court address:

> whether the significance of the "nature of the production process" factor . . . can be reconciled with its affirmative determination . . . when the circumvention provisions were enacted to address "screwdriver" operations.

Trina comments at 7. However, the Court specifically addressed Trina's "screwdriver operations" argument when remanding Commerce's *Final Determination*. *See* Remand Order at 12. The Court, rather than finding that the nature of the production process was alone dispositive, instructed Commerce to make a finding regarding all of the statutory factors and weigh those factors against each other. *Id.* Commerce in the *Remand Results* weighed the five statutory factors against each other before continuing to make a finding that the process of assembly or completion was minor or insignificant. *See Remand Results* at 7-8. Commerce further explained that it placed particular importance on the factor of research and development due to the "uniquely complex nature of solar cell and module production." *Id.* at 8.

Crucially, Trina does not even attempt to dispute the underlying findings by Commerce in the *Remand Results*. Trina does not argue that Commerce was incorrect when Commerce gave "particular importance to the level of {Vina's} R&D in Vietnam." *See Remand Results* at 8. Trina does not argue that Commerce was incorrect to look to the SAA's guidance that explains that no single factor of §1677j(b)(2) is controlling when Commerce considered that four out of five factors

weighed in favor of finding that assembly or completion in Vietnam was minor or insignificant.  *Id.* at 7.

Rather, Trina argues that the "nature of the production process factor" cannot be reconciled with an affirmative determination where the circumvention provisions were enacted to address "screwdriver" operations.  Trina comments at 7.  However, as argued in our initial brief,

> {t}he fact that the SAA contains the term "screwdriver" operation as an illustrative example, does not limit the statutory definition of "minor or insignificant." Rather, "the SAA's reference to "screwdriver assembly operations" plainly alludes to production operations in a third country that are minor or insignificant.

*See* Resp. to Mot. for J. on Agency Record, ECF No. 44 (Oct. 21, 2024) at 17-18 (citing *HLDS (B) Steel SDN BHD v. United States*, No 21-00638, 2024 WL 244937 at *4 n.7 (Ct. Int'l Trade Jan. 23, 2024 (citing 19 U.S.C. §1677j(b)(1)(C))).  If the nature of the production process alone controlled in order to "address screwdriver operations," then Congress would not have listed other factors Commerce must consider when making a determination under §1677j(b)(1)(C).

Trina further argues that a negative finding regarding the nature of product processes in Vietnam is "so forceful that Commerce's entire

16

affirmative determination is fundamentally incongruent regardless of any company-specific AFA findings for the other factors under §1677j(b)(2)." Not so. Trina's interpretation is misguided because §1677j(b)(2) identifies the factors for Commerce to consider, and the SAA directs Commerce how to consider those factors. Furthermore, the SAA explicitly directs that "no single factor {listed in §1677j(b)(2)} will be controlling." *See* SAA at 893; *see also Remand Results* at 7. Rather than finding that the nature of the production process alone was sufficient to come to its determination, which would fly in the face of the Court's order, Commerce properly considered all five factors before coming to its determination. *See Remand Results* at 5-10.

Additionally, this Court has rejected similar arguments in other circumvention cases dealing with production of solar cells and modules with parts from China in other countries. *See BYD (H.K.) Co., Ltd. v. United States*, 785 F.Supp.3d 1359, 1371 (Ct. Int'l Trade May 16, 2025) ("§1677j(b)(2) requires the Department to consider and balance *all five* factors, not just the company's preferred ones" (emphasis in original)); *see also Canadian Solar International Limited v. United States*, 788 F.Supp.3d 162, 1273 (Ct. Int'l Trade May 16, 2025) (Baker, J.) (finding

17

that where "the Department reasonably explained why R&D outweighed the other factors, including the nature of the production process, Plaintiff's argument that it should have reached a different result is unavailing"). Here, on remand Commerce considered that four of the five factors weighed in favor of circumvention, and, in particular, explained the importance of research and development as a factor for solar cells and modules, and found that the process of assembly or completion of solar cells and modules in Vietnam was minor or insignificant. *See Remand Results* 5 - 10.

Commerce's remand redetermination therefore complies with the remand order, is supported by substantial evidence, and is in accordance with law. Thus, this Court should uphold Commerce's analysis finding the assembly or completion of solar cells in Vietnam using components from China is minor or insignificant.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's Remand Redetermination and enter final judgement in favor of the United States.

Respectfully submitted,

Of Counsel:                              BRETT A. SHUMATE
                                         Assistant Attorney General

                                         PATRICIA M. McCARTHY
                                         Director

                                         REGINALD T. BLADES, JR.
                                         Assistant Director

                                         s/ Alexander Brewer
KARL MUELLER                             ALEXANDER BREWER
Attorney                                 Trial Attorney
Department of Commerce                   Commercial Litigation Branch
Office of Chief Counsel for              U.S. Department of Justice
Trade                                    Civil Division
Enforcement & Compliance                 P.O. Box 480
1401 Constitution Avenue, NW             Ben Franklin Station
Washington, DC 20230                     Washington, D.C., 20044
                                         Tel: (202) 880-0195

                                         *Attorneys for Defendant*

December 23, 2025

## CERTIFICATION OF NON-USE OF
## GENERATIVE ARTIFICIAL INTELLIGENCE

Undersigned counsel for the Government hereby certifies that the brief "DEFENDANT'S RESPONSE TO COMMENTS ON REMAND REDETERMINATION" was not prepared with the assistance of a generative artificial intelligence program based on natural language prompts—such as, but not limited to, ChatGPT, Google Bard, or any similar program.

/S/ Alexander Brewer

Alexander Brewer