IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

_____
                                                                    )
TRINA SOLAR (VIETNAM) SCIENCE &      )
TECHNOLOGY CO., LTD., TRINA SOLAR   )
ENERGY DEVELOPMENT COMPANY LIMITED,  )
and TRINA SOLAR CO., LTD.,                      )
                                                                    )
                *Plaintiffs,*                       )
                                                                    )
and,                                                              )
                                                                    )
FLORIDA POWER & LIGHT COMPANY,   )
                                                                    )
         *Plaintiff-Intervenor,*              )
                                                                    )   Ct. No. 23-00228
v.                                                                )
                                                                    )
UNITED STATES                                           )
                                                                    )
                *Defendant,*                      )
                                                                    )
and,                                                              )
                                                                    )
AUXIN SOLAR INC. and FIRST SOLAR    )
VIETNAM MANUFACTURING CO. LTD.,  )
                                                                    )
      *Defendant-Intervenors.*          )
_____)

REMAND REPLY OF PLAINTIFFS TRINA SOLAR (VIETNAM)
SCIENCE & TECHNOLOGY CO., LTD., *ET AL*.

                                              Jonathan M. Freed
                                              MacKensie R. Sugama
                                              TRADE PACIFIC PLLC
                                              700 Pennsylvania Avenue, SE, Suite 500
                                              Washington, D.C.  20003
                                              (202) 223-3760

Dated: March 6, 2026                *Counsel to Plaintiffs*

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, and TRINA SOLAR CO., LTD., <br><br> *Plaintiffs,* <br><br> and, <br><br> FLORIDA POWER & LIGHT COMPANY, <br><br> *Plaintiff-Intervenor,* <br><br> v. <br><br> UNITED STATES <br><br> *Defendant,* <br><br> and, <br><br> AUXIN SOLAR INC. and FIRST SOLAR VIETNAM MANUFACTURING CO. LTD., <br><br> *Defendant-Intervenors.* | Ct. No. 23-00228 |

CERTIFICATE OF COMPLIANCE

The undersigned counsel at Trade Pacific PLLC hereby certifies that the Remand Reply of Plaintiffs Trina Solar (Vietnam) Science & Technology Co., Ltd., *et al.*, dated March 6, 2026, complies with the word-count limitation described in the Paperless Order dated February 20, 2026.  *See* ECF No. 77.

**Court No. 23-00228** **Page 2**

These comments contain 1,408 words according to the word-count function of the word-processing software used to prepare the submission.

                                    Respectfully submitted,

                                    /s/ Jonathan M. Freed
                                    Jonathan M. Freed
                                    MacKensie R. Sugama

                                    TRADE PACIFIC PLLC
                                    700 Pennsylvania Avenue, SE, Suite 500
                                    Washington, D.C.  20003
                                    (202) 223-3760

Dated:  March 6, 2026

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ....................................................................................................... 3

    A. Trina Did Not Fail to Exhaust its Administrative Remedy with Respect to its Argument that Commerce's Analysis of the "Nature of Production Process" Compels a Negative Finding of Circumvention ................................................................................. 3

III. CONCLUSION .................................................................................................... 7

# TABLE OF AUTHORITIES

Page

Cases

*Canadian Solar Int'l Ltd. v. United States*, 788 F.Supp.3d 1262 (Ct. Int'l Trade 2025) .................................................................................................. 7

*Consol. Bearings Co. v. United States*, 348 F.3d 997 (Fed.Cir.2003) ................ 5

*Corus Staal BV v. United States Steel Corporation*, 502 F.3d. 1370 (Fed. Cir. 2007) ....................................................................................................... 6

Statutes

19 U.S.C. § 1677e(b)(1) ....................................................................................... 4
19 U.S.C. § 1677j(b)(2) ................................................................................ 3, 4, 5
19 U.S.C. § 1677j(b)(1)(C) ........................................................................ 3, 4, 6, 7

Ct. No. 23-00228

**REMAND REPLY OF PLAINTIFFS TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY COMPANY LIMITED, TRINA SOLAR ENERGY DEVELOPMENT COMPANY LIMITED, AND TRINA SOLAR COMPANY LIMITED**

I.     INTRODUCTION

On behalf of plaintiffs Trina Solar (Vietnam) Science & Technology Co. Ltd., Trina Solar Energy Development Co., Ltd., and Trina Solar Co., Ltd. (collectively, "Trina" or "Plaintiffs"), we respectfully submit the following reply comments as directed by the Court's paperless order to reply to the Defendant's argument that Plaintiffs failed to exhaust administrative remedies. *See* Defendant's Response to Comments on Remand Redetermination, ECF No. 71 (Dec. 23, 2025) ("*Defendant's Response*"). On October 27, 2025, Plaintiffs submitted comments to the Court on the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand in *Trina Solar (Vietnam) Science & Technology Co., et al. v. United States*, Ct. No. 23-228, Slip Op. 25-62 (CIT 2025) filed on August 15, 2025. *See* Comments on Remand Results, ECF No. 65 (Oct. 27, 2025) ("*Plaintiffs' Comments*"); *see also* First Remand Results Filed by U.S. Department of Commerce, ECF No. 60 (Aug. 15, 2025) ("*Remand Results*"). The *Remand Results* cover an appeal of Commerce's final affirmative determination of circumvention, finding that crystalline silicon photovoltaic ("CSPV") cells and modules produced in Vietnam were circumventing the

1

Ct. No. 23-00228

antidumping and countervailing duty orders on *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China.  See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Aug. 23, 2023), P.R. 751, Appx1216–1230 ("*Final Determination*"), and accompanying Issues and Decision Memorandum for the Circumvention Inquiry with Respect to the Socialist Republic of Vietnam, (Dep't of Commerce Aug. 17, 2023), P.R. 749, Appx1050–1215 ("Decision Memo").

    For the reasons explained below, Plaintiffs did not fail to exhaust any arguments because the Court's remand order strictly instructed Commerce to evaluate the "extent of production" factor and balance the five statutory factors.  It did not authorize Commerce to reconsider whether the "nature of processing" alone foreclosed an affirmative circumvention finding.  Because Commerce lacked the authority to grant the requested relief on remand, no administrative procedure existed for Plaintiffs to exhaust, rendering participation on this specific issue futile.  Finally, although Plaintiffs recognize this Court recently rejected this exact substantive argument in

2

*Canadian Solar*, Plaintiffs maintain their position and respectfully request a formal ruling.

II. ARGUMENT

    A. Trina Did Not Fail to Exhaust its Administrative Remedy with Respect to its Argument that Commerce's Analysis of the "Nature of Production Process" Compels a Negative Finding of Circumvention

In *Defendant's Response*, Defendant claims that Plaintiffs failed to exhaust their administrative remedies with respect to Plaintiffs' claim that Commerce "had improperly weighed the statutory factors before Commerce during the remand redetermination proceeding." *Defendant's Response*, at 9. However, exhaustion does not apply here because the issue Plaintiffs raised in their comments filed after the *Remand Results* was not within the scope of the order under which Commerce made its remand redetermination. *See Trina Solar (Vietnam) Science & Technology Co., Ltd. et al. v. United States*, Slip Op. 25-62, ECF No. 54 (May 19, 2025) ("Slip Op. 25-62"); Remand Order, ECF No. 55 (May 19, 2025) ("Ct. Remand Order").

The Ct. Remand Order instructed Commerce to "make a finding regarding the 'extent of production' factor and then balance the 19 U.S.C. § 1677j(b)(2) factors to determine whether the 'process of assembly or completion' of solar cells in Vietnam by the *uncooperative companies* is 'minor or insignificant' for purposes of 19 U.S.C. § 1677j(b)(1)(C)." *Id* (emphasis

Ct. No. 23-00228

added). This order stemmed from the Court's agreement with Plaintiffs' arguments on pages 26 to 28 of their moving brief that Commerce's reliance on adverse facts available ("AFA") provisions under 19 U.S.C. § 1677e(b)(1) in reaching its "minor or insignificant" finding under 19 U.S.C. §1677(b)(1)(C) was legally and factually deficient. *See* Pls. Mot. J. Agency Record, at 26-28, ECF No. 41 (June 25, 2024) ("Pls. Br.")

Yet, just preceding Plaintiffs' argument—to which the Court agreed—Plaintiffs separately argued that Commerce's analysis and findings under 19 U.S.C. § 1677j(b)(2)(C) alone compels a negative finding of circumvention in this case. *See* Pls. Br., at 21–25. Specifically, Plaintiffs claimed that "{r}egardless of any company-specific AFA findings, the significance of this finding demonstrates that Commerce's entire affirmative circumvention determination is fundamentally incongruent and is unsupported by substantial evidence." *Id.*, at 22. The Court did not remand this question to Commerce. Instead, the Court's remand order was limited to Commerce making a finding regarding the "extent of production" factor and then balancing the 19 U.S.C. § 1677j(b)(2) factors to determine whether the "process of assembly or completion" of solar cells in Vietnam by the *uncooperative companies* is "minor or insignificant." *See* Ct. Remand Order (emphasis added). Again, Plaintiffs' claim was that the finding with regard to the nature of processing was so clear and forceful that it compelled the

4

Ct. No. 23-00228

negative circumvention determination, regardless of any AFA findings relating to the other factors under 19 U.S.C. § 1677j(b)(2). *See* Pls. Br., at 21. The remedy Plaintiffs sought with this argument was not for Commerce to balance all five factors under 19 U.S.C. § 1677j(b)(2) in making its determination whether the production of cells and modules is minor or insignificant. Rather, Plaintiffs sought this Court's agreement that Commerce's determination with regard to the nature of the production process should have foreclosed any possibility that the cell and module manufacturing is a minor or insignificant process.

This issue of whether the "nature of processing" factor alone compelled a negative circumvention determination was not before the agency on remand. Commerce complied with the Court's remand order and made its finding regarding the "extent of production" factor and then balanced the 19 U.S.C. § 1677j(b)(2) factors to determine that the "process of assembly or completion" of solar cells in Vietnam by the uncooperative companies was "minor or insignificant." *See Remand Results*, at 5–10. But, Plaintiffs could not have obtained the relief or remedy it sought by participating in Commerce's remand proceeding given the limited scope of the remand order. Thus, there was no procedure to exhaust because the agency could not have granted the specific relief Plaintiffs sought. *See Consol. Bearings Co. v. United States*, 348 F.3d 997, 1004 (Fed. Cir. 2003) (holding, "{w}ithout an

5

Ct. No. 23-00228

administrative procedure to exhaust, this court holds that Consolidated {Plaintiff} did not violate the exhaustion doctrine").

The futility of Plaintiffs participation in the remand proceeding is not because Commerce would disagree with Plaintiffs contention. Rather, Commerce was not empowered by the Court's remand order to reconsider whether its findings under 19 U.S.C. § 1677j(b)(2)(C) alone compelled a negative determination. In *Corus Staal*, the court found that the futility exception to the exhaustion requirement did not apply where plaintiffs failed to restate their argument because Commerce had consistently taken a position contrary to their argument. *See Corus Staal BV v. United States Steel Corporation*, 502 F.3d 1370, 1378-79 (Fed. Cir. 2007). But here, the futility of Plaintiffs' participation in the remand is not that Commerce would disagree with Plaintiffs, but that Commerce could not have even considered Plaintiffs' contention because it was outside of the scope of the remand order.

Defendant's response claiming that exhaustion was required here and that the futility exception does not apply relies on Defendant's mischaracterization of Plaintiffs' argument. Defendant described Plaintiffs' argument as being that Commerce failed to correctly balance the five factors against each other. *See* Defendant's Response, at 11–12. But, as explained above, that is not Plaintiffs' claim for which it seeks a ruling from this Court.

6

Ct. No. 23-00228

In a related case, other plaintiffs made the exact same argument that Plaintiffs make here that Commerce's findings with regard to the § 1677j(b)(2)(C) nature of processing factor logically compelled a negative determination as to circumvention, and this claim was subsequently rejected by this Court. *See Canadian Solar International Limited v. United States*, 788 F.Supp.3d 1262, 1273 (Slip Op. 25-59 CIT 2025) ("*Canadian Solar*") (stating, "Trina's reply amplifies this point and asserts that "{o}verall, Commerce's findings with regard to the § 1677j(b)(2)(C) nature of processing factor logically compelled a negative determination as to circumvention…The court disagrees.") So, while Plaintiffs do not expect a different decision on this specific claim than that reached by this Court in *Canadian Solar*, Plaintiffs respectfully ask that this Court render its decision in this regard.

III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an opinion consistent with these arguments above.

Respectfully submitted,

/s/ Jonathan M. Freed
Jonathan M. Freed
MacKensie R. Sugama

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
(202) 223-3760

7

Ct. No. 23-00228

*Counsel for Plaintiffs*

Dated: March 6, 2026