**Slip Op. 26-29**

## UNITED STATES
## COURT OF INTERNATIONAL TRADE

### Court No. 23-00228

TRINA SOLAR (VIETNAM) SCIENCE &
TECHNOLOGY CO. LTD.; TRINA SOLAR
ENERGY DEVELOPMENT COMPANY
LIMITED; and TRINA SOLAR CO., LTD.,

*Plaintiffs,*

and

FLORIDA POWER & LIGHT COMPANY,

*Plaintiff-Intervenor,*

v.

UNITED STATES,

*Defendant,*

and

AUXIN SOLAR INC. and
FIRST SOLAR VIETNAM
MANUFACTURING CO., LTD.,

*Defendant-Intervenors.*

Before: M. Miller Baker, Judge

## OPINION

[Sustaining the Department of Commerce's redetermination.]

Dated: March 17, 2026

*Jonathan M. Freed* and *MacKensie R. Sugama*, Trade Pacific PLLC, Washington, DC, on the comments for Plaintiffs.

*Alexander Brewer*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, on the comments for Defendant. Of counsel on the comments was *Karl Mueller*, Attorney, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, Washington, DC.

*Baker*, Judge: This challenge to the Department of Commerce's finding that solar cell imports from Vietnam circumvent antidumping and countervailing duty orders on such equipment made in China returns following the remand ordered in *Trina Solar (Vietnam) Science & Technology Co. v. United States*, Slip Op. 25-62, 789 F. Supp. 3d 1248 (CIT 2025) (Remand Op.). For the reasons explained below, the court sustains the agency's redetermination.

I

As relevant here, the court directed Commerce to reconsider whether the process of assembling or completing solar cells in Vietnam by Vina Solar Technology Co. and a group of other non-cooperating companies was "minor or insignificant" for purposes of 19 U.S.C. § 1677j(b)(1)(C). *See* Remand Op. at 11–13, 789 F. Supp. 3d at 1254–55. The statute prescribes five factors the Department must "take into account" for that determination. 19 U.S.C. § 1677j(b)(2). The agency found three of them weighed in favor of finding

the process "minor or insignificant," but it also found that one—the "nature of the production process"—pointed the opposite way, and it made no finding at all on the "extent of production facilities." Remand Op. at 12–13, 789 F. Supp. 3d at 1254. Nor did it weigh the three affirmative conclusions against the one negative finding. *Id.* Instead, the court observed, Commerce "arbitrarily treated its adverse facts available finding as the administrative equivalent of landing on 'Go to Jail.'" *Id.* at 12, 789 F. Supp. 3d at 1254. "Reasoned decision making required addressing every factor, balancing them, and responding to the parties' arguments." *Id.* at 13, 789 F. Supp. 3d at 1254–55.

## II

On remand, Commerce acknowledged that it must analyze the five statutory factors "to determine whether the process of assembly or completion of merchandise in a foreign country is minor or insignificant." Appx22029. It explained that the administrative record supported affirmative "minor or insignificant" findings for Vina on three factors—level of investment in Vietnam, R&D expenses in that country, and the extent of production facilities there compared to the extent of affiliates' facilities in China. Appx22031.

As to the value of Vina's processing in Vietnam, the Department also returned an affirmative "minor or insignificant" finding based on adverse facts available. Appx22032. Finally, Commerce stood by its prior conclusion that the "nature of the production process" in Vietnam *was* significant for all producers, including

**Ct. No. 23-00228**                                              **Page 4**

the uncooperative ones, which cut against a "minor or insignificant" determination. *Id.*

In sum, the Department explained, four of § 1677j(b)(2)'s factors "support[ed] finding that Vina Solar's production in Vietnam is minor or insignificant." Appx22033. Of those, Commerce "g[a]ve particular importance to the level of [Vina's] R&D in Vietnam" because of "the uniquely complex nature of solar cell and module production." Appx22034. Taken together, these affirmative findings outweighed the agency's negative determination as to "the nature of the production process." *Id.*

Commerce then explained its application of that conclusion to the companies that refused to answer its questionnaire. It emphasized that it seeks to ensure that such entities cannot benefit from non-cooperation and stated that, because of that policy, it found that four of the five factors—except "nature of the production process"—pointed in favor of a "minor or insignificant" determination, which in turn supported finding circumvention. Appx22034–22035. The Department stated that while the "nature of the production process" was not "minor or insignificant" for any Vietnamese producer, that factor did not outweigh the other four. Appx22035–22036.

Commerce released its draft results to the interested parties and gave them an opportunity to respond. Appx22025; Appx22029. None did, so the Department adopted the draft analysis as its final redetermination. Appx22029.

## III

Trina raises a single argument. It contends that neither the Remand Opinion nor Commerce's redetermination addressed its argument that the nature of the production process of solar cells in Vietnam compelled a negative circumvention conclusion. ECF 65, at 2–8. The government responds that the company failed to exhaust its administrative remedies because it did not submit comments on the draft remand results. ECF 71, at 11.

On reply, Trina contends that "exhaustion does not apply here because the issue Plaintiffs raised in their comments filed after the Remand Results was not within the scope of the order under which Commerce made its remand redetermination." ECF 78, at 3. It asserts that the court instructed the Department to make a finding on "extent of production" and then to balance the § 1677j(b)(2) factors to analyze the "minor or insignificant" issue. *Id.* But Trina argues that its "nature of the production process" argument—i.e., "that the finding with regard to the nature of processing was so clear and forceful that it compelled the negative circumvention determination"—was a separate issue the court did not remand because "[t]he remedy Plaintiffs sought with this argument was not for Commerce to balance all five factors . . . ." *Id.* at 4–5.

The court disagrees. It instructed the agency to address *all* the statutory factors, balance them, and consider the parties' arguments. *Id.* at 12–13, 789 F. Supp. 3d at 1254–55. That necessarily meant enter-

taining Trina's argument that the "nature of the production process" was dispositive.

That's exactly what the agency's draft remand results did. They explained that although the nature of the production process in Vietnam *was* substantial as Trina contended, that did not outweigh the other four factors—including the all-important R&D—cutting the other way. Appx22024–22025.

If Trina disagreed, it needed to submit comments to that effect upon receiving the agency's draft results. A party that fails "to raise the issue at the appropriate time on remand" abandons its argument "by failing to exhaust its administrative remedies before Commerce." *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1383 (Fed. Cir. 2008) (citing *AIMCOR v. United States*, 141 F.3d 1098, 1111–12 (Fed. Cir. 1998)). "At the very least," Trina "should have indicated that it maintained its prior position with respect to" how to weigh the five factors.[1] *Mittal*, 548 F.3d at 1384; *see also KYD, Inc. v. United States*, 836 F. Supp. 2d 1410, 1414 (CIT 2012) ("All claims, arguments, and objections that a plaintiff has elected not to address in its post-remand briefs must be deemed waived.") (cleaned up) (quoting *Bond St., Ltd. v. United States*, 774 F. Supp. 2d 1251, 1261 (CIT 2011)).

---

[1] Playing word games, Trina contends its position is that Commerce should not "weigh" the relevant factors at all—instead, it contends that on this record the agency must deem "nature of the production process" dispositive. ECF 78, at 5. Assigning outcome-determinative significance to the company's preferred factor *is* a weighing exercise.

**Ct. No. 23-00228**                                        **Page 7**

Providing comments on the draft results would have provided the agency the "opportunity to correct its own mistakes." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Commerce was free to change course "if a sufficiently persuasive showing [were] made" that those results were flawed. *Corus Staal BV v. United States*, 502 F.3d 1370, 1380 (Fed. Cir. 2007) (citing *McCarthy*, 503 U.S. at 147–48). "Even if it [were] unlikely that [the agency] would adopt [Trina's] legal arguments . . . , it was still possible that upon full airing, [the Department] might have accepted" them, "thereby obviating the need for judicial review." *Id.* The court therefore holds that the company failed to exhaust its remedies.[2]

---

[2] Even if Trina had exhausted its arguments and the Department had reached the same conclusion, the court would still sustain the redetermination. In remanding, the court directed Commerce to address all the § 1677j(b)(2) factors and weigh them. Remand Op. at 12–13, 789 F. Supp. 3d at 1254–55. As explained above, that's what the agency did.

Although Trina objects to how Commerce balanced the factors, *see* ECF 65, at 2–8, the court rejected that argument in two similar cases and does so here for the same reasons. *See BYD (H.K.) Co. v. United States*, 785 F. Supp. 3d 1359, 1371–76 (CIT 2025), *appeal pending*, No. 25-1937 (Fed. Cir.); *Canadian Solar Int'l Ltd. v. United States*, 788 F. Supp. 3d 1262, 1270–75 (CIT 2025), *appeal pending*, No. 25-1940 (Fed. Cir.). The Department explained that "nature of the production process" did not outweigh the other four factors because of R&D's cardinal significance. Appx22034. Even if the record permits the reading that Trina demands, the agency reasonably reached a

(footnote continues on next page)

\*      \*      \*

"The law helps those who help themselves, generally aids the vigilant, but rarely the sleeping, and never the acquiescent." *Hannan v. Dusch*, 153 S.E. 824, 831 (Va. 1930). Trina's silence in response to the agency's draft results might not have constituted intentional acquiescence, but it certainly amounted to sleeping. Because the company failed to exhaust its administrative remedies, the court sustains the Department's redetermination. A separate judgment will issue. *See* USCIT R. 58(a).

Dated:   March 17, 2026              /s/ *M. Miller Baker*
         New York, NY                Judge

---

different conclusion based on substantial evidence. *See SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365, 382 (Fed. Cir. 1983) (if Commerce makes a choice between "two fairly conflicting views," the court may not substitute its judgment even if its view would have been different had the matter been before it *de novo*") (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).